S. & J. PALMER & COMPANY, plaintiffs in error, *vs.* THE SOUTHERN EXPRESS COMPANY, defendant in error.

Where a count in trover, and another in trespass *vi et armis,* were added by way of amendment to an action on the case against a common carrier for negligence in the performance of his duty as such carrier, and more than four years had elapsed from the conversion before the filing of the amendment, the plea of the statute of limitations is a good plea in bar to the counts in trover and trespass.

Statute of limitations. Amendment. Before Judge JAMES JOHNSON. Muscogee Superior Court. November Term, 1873.

On October 23d, 1866, S. & J. Palmer & Company brought case against the Southern Express Company for $1,000 00 damages, for the failure to transport, as a common carrier, certain goods intrusted to it. On January 15th, 1870, the plaintiffs amended by adding counts in trover and trespass, alleging the conversion and wrongful taking to have been on October 26th, 1865.

The court charged the jury that if the counts in trover and trespass were filed four years or more after the accrual of the cause of action, they were barred by the statute of limitations. To which the plaintiffs excepted.

The jury found for the defendant. Error is assigned upon the above ground of exception.

HENRY L. BENNING, for plaintiffs in error.

R. J. MOSES, for defendant.

Palmer & Company *vs.* The Southern Express Company.

McCay, Judge.

When this question was first presented I was inclined to think that the plea of the statute was not good as to these counts of trover and trespass, though the amendment adding them was not made until four years after the wrong complained of. I assumed that the amendment was only another form of stating the same cause of action, to-wit: negligence, and that as the cause of action was the same, the amendment stood on the same footing, as to the statute, as did the count in the case for negligence; but upon a closer examination of the authorities, we are all satisfied that the judge was right in his ruling. Trover will not lie against a carrier for negligence. If he be a carrier, and liable as such, he has the goods lawfully, and trover will not lie unless he asserts dominion over them as his own, as, by a sale of them, an user inconsistent with the true owner's title, or a delivery of them to some one other than the true owner. In this case there was no delivery of them to an improper person, or any misuse or sale of them, or assertion of title to them.

There is nothing in the proof sustaining trover or trespass but the fact (if it be a fact,) that the Southern Express Company got unlawfully into the possession of the goods. Under this view, it was no carrier, who acts under a contract express or implied, but a *tort feasor*, and the action is a different cause of action from the action on the case for negligence. As they both arise *ex delicto*, they may, under our law, be joined, but they are nevertheless distinct causes of action. It follows from this that if the new cause of action was not added—sued upon—until after the four years, it is barred.

Judgment affirmed.