## SOUTHERN EXPRESS COMPANY v. SINCLAIR.

1. This was an action against a common carrier for the value of lost goods, founded upon a breach of the contract of shipment, and was barred by the statute of limitations.
(a) The suit was not saved from the bar of the statute on account of the dismissal of a similar action which occurred more than six months prior to the institution of the present action; nor by the fact that the present action was instituted within less than six months after the final disposition of a suit in trover in favor of the plaintiff against the defendant for recovery of the same property, in which it was held that the plaintiff was not entitled to recover in trover.
2. It is unnecessary to deal with other questions presented in the record.
SEPTEMBER 24, 1910.

Action for breach of contract. Before Judge Hammond. Richmond superior court. June 24, 1909.

*W. K. Miller,* for plaintiff in error.

*C. H. & R. S. Cohen,* contra.

ATKINSON, J.   A number of questions are presented by the record; but under the view we take of the case it is necessary to deal with but one.   The action was for the value of a trunk and its contents, which was received by the Southern Express Company on March 23, 1904, to be forwarded to New York.   It was carried to Washington City, and there delivered to the Adams Express Company, which undertook to deliver it to the person to whom it was addressed in New York.   It reached New York on the 25th of March, 1904, and, on account of the failure to deliver it to the addressee on that date, it was stored in the office of the Adams Express Company.   On the morning of March 26th, 1904, the office was burned and the trunk destroyed by fire.   Valuing the trunk and its contents at $380, the plaintiff on May 25, 1908, more than four years from the date of the loss of the trunk, filed suit for the above-stated value as principal, with interest thereon from March 23, 1904.   The action was founded upon the breach of the contract, and, being such, was barred.   Civil Code, § 3774; *Patterson* v. *Augusta & Savannah R. Co.,* 94 *Ga.* 140 (21 S. E. 283) ; *Palmer* v. *Southern Express Co.,* 52 *Ga.* 240.   This was the third action which the plaintiff had instituted.   The first was one of a similar character, filed July 11th, 1904, but that was dismissed by the plaintiff more than six months previously to the institution of the third action.   The second action was a suit in trover, which was different in character both from the first and the third, and was not a recommencement of the first suit, nor was the third action a renewal of the second.   There was no dismissal of the second action, but it was prosecuted to a final determination on its merits, and brought to this court *(Southern Express Co.* v. *Sinclair,* 130 *Ga.* 372 (60 S. E. 849)), where the judgment of the trial court, which had gone in favor of the plaintiff, was reversed. It is provided in the Civil Code, § 3768, that: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence it within six months, such renewed case shall stand upon the same footing as to limitation as the original case; but this privilege of dismissal and renewal shall be exercised only once under this clause."   It is manifest that the pendency of the former actions above recited will not suffice to remove the bar of the statute.

<div align="right">

*Judgment reversed. All the Justices concur.*