OLD COLONY TRUST CO. v. ATLANTA, B. & A. R. CO. et al. (HOWARD,
Intervener.)

(District Court, N. D. Georgia. March 24, 1920.)

No. 1299.

1. Pleading ⏚34(4)—Uncertain pleadings construed against pleader.

It is the settled rule in Georgia that, where there is uncertainty as to what cause of action is intended to be set forth by the pleader, the pleadings shall be taken most strongly against him to admit of the defenses sought to be interposed by defendant.

2. Carriers ⏚53—To constitute contract bill of lading must be accepted by shipper.

Under the law of Georgia a bill of lading for an intrastate shipment is not effective as a written contract, in the absence of signature of the shipper or express allegation of his assent thereto.

3. Limitation of actions ⏚24(2)—Action on bill of lading barred in four years.

Under the statute of limitations of Georgia (Clv. Code 1910, §§ 4359, 4361, 4362, 4368), an action for damages for breach of the contract made by a bill of lading is barred in four years.

In Equity. Suit by the Old Colony Trust Company against the Atlanta, Birmingham & Atlantic Railroad Company and others. On intervention of George P. Howard. Petition of intervention dismissed.

Westmoreland, Anderson & Smith, of Atlanta, Ga., for intervener.

Brandon & Hynds, of Atlanta, Ga., for defendant Atlanta, B. & A. R. Co.

SIBLEY, District Judge. The special master in the case has recommended the dismissal of the intervention as being barred by the statute of limitation. The intervention was filed more than four years and less than six years after the accrual of the alleged cause of action. The allegations contained in the intervention would support either a cause of action in tort for the conversion of property misdelivered as therein set out or a breach of the contract for the carriage and delivery of the property. The intervention declares that suit on the "within stated cause of action" was pending in the Supreme Court of Georgia. That cause was disposed of by the Supreme Court in a decision declaring that the original cause was one in tort for the conversion, but that an attempted amendment sought to render it one in contract. Lamb v. Howard, 145 Ga. 847, 90 S. E. 63.

[1] The intervention, embracing the allegations both of that original suit and the amendment, can be said in strictness to set forth both causes of action, with a consequent fault of duplicity. The settled rule in Georgia, where there is uncertainty as to what cause of action is intended to be set forth by the pleader, is that the pleadings shall be taken most strongly against him and to admit of the defenses sought to be interposed by the defendant. Evans v. Collier, 79 Ga. 315, 4 S. E. 264; Holbrook v. Town of Norcross, 121 Ga. 319, 48 S. E. 922; Baggett v. Edwards, 126 Ga. 463, 55 S. E. 250. To regard the intervention as one setting up a conversion would admit

⏚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of a defense of limitation; four years being the utmost time in which a right of action for tort is allowed under the Georgia statutes.

[2] The intervention is subject to yet another uncertainty, for, if it be treated as sounding in contract, while it avers that certain exhibited bills of lading were received by the intervener, there is no allegation that they were accepted by him and assented to as contracts of carriage. These contracts are for intrastate carriage, and are governed by the laws of Georgia, and, containing many limitations upon the liability of the carrier, are not effective as contracts by the mere delivery and receipt of them, and, in the absence of signature by the shipper or express allegation of assent to them by him, do not constitute simple contracts in writing (Central of Ga. Ry. Co. v. City Mills Co., 128 Ga. 841, 58 S. E. 197, and cases cited), though, had there been signature or assent, they would be such (McElveen v. Southern Railway Co., 109 Ga. 249, 34 S. E. 281, 77 Am. St. Rep. 371; Inman & Co. v. S. A. L. Ry. Co. [C. C.] 159 Fed. 960). Under Georgia law, unless there be a contract in writing upon which the suit founds, the utmost limit is again four years.

[3] But, even if the bills of lading be taken as valid written contracts upon which the intervention counts, it would seem, while the conclusion is not free from doubt, that the proper limitation of a suit for damages for their breach would be four years. By Act March 6, 1856 (Acts 1855–56, p. 234), the following provisions for limiting actions were fixed:

Section 9: "All suits for the recovery of promissory notes of other acknowledgments of indebtedness, under the hand of the party shall be brought within six years after such promissory notes or acknowledgments of indebtedness become due, and not after."

Section 10: "All suits for recovery of open accounts or damages for the breach of any contract not under the hand or under the hand and seal of the party sought to be charged, shall be brought within four years next, after the right of action accrues and not after."

Section 11: "All suits upon bonds or other instruments, under seal, shall be brought within twenty years after the right of action accrues, and not after, but no instrument shall be considered sealed unless so recited in the body of the instrument."

A later section provided a limitation of four years for all actions not otherwise provided for. This act was codified in 1863, and sections based upon it are to be found in the present Civil Code of 1910, §§ 4359, 4361, 4362, and 4368. The provisions are quite similar, except that 4361 now reads as follows:

"All actions upon promissory notes, bills of exchange, or *other simple contracts in writing* shall be brought within six years after the same become due and payable."

The question is whether the rule of ejusdem generis shall be applied, so that this section shall be interpreted to apply to promissory notes, bills of exchange and other *like* simple contracts in writing, which would make it practically equivalent to section 9 of the old act, or whether it shall be extended to cover all simple contracts in writing, whether similar to notes and bills of exchange or not. The decisions of the courts of Georgia afford no satisfactory answer. The

cases of Hill v. Hackett, 80 Ga. 54, 4 S. E. 856, Raleigh & Gaston R. Co. v. Pullman Co., 122 Ga. 700, 50 S. E. 1008, and Atlanta, K. & N. Ry. Co. v. McKinney, 124 Ga. 930, 53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. Rep. 215, seem to give it the latter broad construction. The case of Seaboard Air Line Ry. Co. v. Luke, 19 Ga. App. 100, 90 S. E. 1041, is consistent with the former construction, in that the bill of lading involved was sued upon as a contract to pay money, the *amount* of which was fixed by the law. The Hackett Case, supra, may also be so reconciled, if the jury tickets involved were, as is likely, for fixed sums of money.

On the other hand, the case of Southern Express Co. v. Sinclair, 135 Ga. 155, 68 S. E. 1113, on inspection of the original record, appears to be a suit in contract for the failure to carry and deliver goods under a bill of lading quite similar to those involved here, in which the unanimous court squarely ruled that four years was the limitation. A reason can be seen why bills and notes and like contracts in writing for the payment of money should be allowed a longer time for suit than actions arising on other contracts, whether in writing or not, where the damages sought are unliquidated. At all events it would seem safest to consider, in the light of the conflicting decisions of the Georgia courts, that it is at least doubtful whether the codifier intended to change the plain and consistent provisions of the prior law, and in view of this doubt it would be safest to hold that the law remained unaffected, and that the period of limitation of a suit for unliquidated damages upon a bill of lading such as those attached to the intervention is limited in Georgia to four years.

Since equity follows the law in all jurisdictions, the fact that the intervention is in a suit in equity would not affect the result. An order will be granted dismissing the intervention.