## SEABOARD AIR-LINE RAILWAY *v.* AVERETT *et al.,* executors.

A bill of lading signed by both parties to the contract is a simple contract in writing within the terms of section 4361 of the Civil Code of 1910; and an action for damages arising upon the breach of this contract may be brought within six years after such breach.

No. 4357. FEBRUARY 27, 1925.

Certiorari; from Court of Appeals. 32 *Ga. App.* 124.

*W. W. Dykes,* for plaintiff in error. *Strozier & Deaver,* contra.

RUSSELL, C. J.    C. C. Averett and J. E. Chapman, as executors of E. M. Chapman, deceased, brought a suit against the Seaboard Air-Line Railway Company.  The petition alleged that the defendant was indebted to petitioners in the sum of $365.39, besides interest; that on the 11th day of July, 1917, the deceased delivered to defendant for carriage, in good condition, 504 crates of peaches; that a bill of lading evidencing the contract of carriage was issued by the defendant carrier, a copy of the bill of lading being attached to the petition; that the defendant breached and failed to perform its contract of carriage, because the peaches were not transported within a reasonable time, and consequently some of them decayed; by reason of which the remainder of the shipment could only be sold for $894.61, instead of the market price of $1260.00.  The suit was for the loss, the difference amounting to $365.39.  The superior court dismissed the petition upon the ground that the action showed upon its face that it was barred by the statute of limitations.  The Court of Appeals reversed that judgment, and a certiorari was granted by this court.

The question raised by demurrer is, whether a suit brought for damages arising upon the breach of the contract embodied in the bill of lading can be maintained within six years, or whether such a claim is barred after the expiration of four years.  The Court of Appeals held that this action could be brought at any time within six years; and after examination, upon certiorari, which we thought proper to grant in view of the gravity and importance of the question involved, we are of the opinion that the decision and judgment of the Court of Appeals was correct. There are three sections of the Civil Code of 1910 which bear upon the solution of the question, §§ 4361, 4362, and 4368.  Section 4361 provides that "All actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same become due and payable."  Section 4362 declares that "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action accrues." And section 4368 provides: "All other actions upon contracts express or implied, not hereinbefore provided for, must be brought within four years from the accrual of the right of action."

By an act approved December 13, 1809 (Cobb's Dig. 566), the General Assembly, in view of doubts existing "as to the period at which bonds, notes, and open accounts shall be limited, in consequence of the word specialties, and other indefinite expressions, being used in the second section of the aforesaid act," declared: "That . . all actions founded on bonds or instruments under seal shall be commenced and sued within twenty-years after the said bond or other instrument shall become due, and not after; and that all actions founded upon notes, and other acknowledgments, under the hand of the party, shall be commenced within six years from the time such note or acknowledgment shall become due, and not after; and that all actions founded upon open account shall be commenced within four years from the time such account accrued, and not after." This act was amendatory of an act passed December 8, 1806. By the act of March 6, 1856 (Acts 1855-6, p. 234), the following provisions for limiting actions were fixed:

"Sec. IX. That all suits for the recovery of promissory notes or other acknowledgments of indebtedness, under the hand of the party, shall be brought within six years after such promissory notes or acknowledgments of indebtedness became due, and not after.

"Sec. x. All suits for the recovery of open accounts, or damages for the breach of any contract not under the hand or under the hand and seal of the party sought to be charged, shall be brought within four years next after the right of action accrues, and not after.

"Sec. XI. All suits brought upon bonds or other instruments, under seal, shall be brought within twenty years after the right of action accrues, and not after, but no instrument shall be considered sealed unless so recited in the body of the instrument."

The changes effected by the passage of the act of 1856, supra, were as follows: To the portion of the section in the act of 1809 relating to those actions where suit must be commenced within six years, the words "of indebtedness" were inserted after the word "acknowledgments" in both instances where the word "acknowledgments" had previously stood alone. And to that portion of the act of 1809 relating to suits upon accounts was added, in section 10 of the act of 1856, a provision for "damages for the

breach of any contract not under the hand or under the hand and seal of the party sought to be charged." When the codifiers, in 1863, embodied the provisions of the act of 1856 in the .Code, section 9 was so changed that instead of reading, "All suits for the recovery of promissory notes *or other acknowledgments of indebtedness, under the hand of the party,* shall be brought within six years after such promissory notes or acknowledgments of indebtedness became due, and not after," the code section was, "All actions upon promissory notes, *bills of exchange, or other simple contracts in writing* shall be brought within six years after the same become due and. payable." It will be noted that section 9 of the act of 1856 was confined to promissory notes or other acknowledgments of indebtedness; whereas the code section extends the provisions of this legislation to bills of exchange, *or other simple contracts in writing.* The question involved in this case imposes on us the duty of deciding whether a bill of lading such as that in this case is a simple contract within the terms of section 4362. The omission of the phrase, "other acknowledgments of indebtedness, under the hand of the party," is not without significance, and the substitution of the far more general terms, "other simple contracts in writing," denotes a purpose to extend . the provisions of the act beyond mere acknowledgments of indebtedness of the same character as promissory notes. We think also that the inclusion, both in section 10 of the original act of 1856, supra, as well as the continued use of the expression in section 4362 of the Code of 1910, that actions for "damages for the breach of any contract not under the hand . . of the party sought to be charged" shall be brought within four years, indicates clearly that it was the legislative intention, by confining contracts not in writing to the class of cases which must be sued on within four years, to place contracts under the hand of a contracting party, and which are in writing, in the six-year class.

We are aware that it has been held that an action predicated upon a breach of a contract embodied in a bill of lading falls within the terms of section 4368, and that such an action is barred within the period of four years. Old Colony Trust Co. *v.* A., B. & A. R. Co., 264 Fed. 355. But while we entertain great respect for the opinions of our learned brother of the United States District Court for the Northern District of Georgia, the decision

in the case above cited did not rest alone upon the ruling that, "Under the statute of limitations of Georgia (Civ. Code 1910, §§ 4359, 4361, 4362, 4368), an action for damages for breach of the contract made by a bill of lading is barred in four years." The intervention which was dismissed would have been dismissed upon the rulings in the first and second headnotes and the same divisions of the opinion, if the ruling that actions for breaches of contracts upon bills of lading must be brought in four years had not been ruled; and in holding that such an action as is now before us would be barred unless the action were brought in four years, it is expressly stated that "the conclusion is not free from doubt." Under our view of the case, the adoption of the several codes in which section 4361 appears in its present form relieves the question from any difficulty. *Dale* v. *State,* 88 *Ga.* 552 (15 S. E. 287) ; *Central of Ga. Ry. Co.* v. *State,* 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518). In the last-cited case attention was called by Mr. Justice Lewis to the large number of changes which were made in the Code of 1863 from the language used in the statutes from which the sections of the Code were taken, and he stated: "Yet all these alterations and additions have been treated by this court, in its numerous decisions relating thereto, as valid law." Since the ruling in *Central of Ga. Ry. Co.* v. *State,* supra, this court has uniformly held that the effect of an act adopting a code is to enact into one statute all of the provisions expressed in that code which could be constitutionally enacted by the legislature, and that, even an act which was unconstitutional as originally passed on account of containing matter different from what was expressed in its title, if not otherwise unconstitutional, became effective by its incorporation in the code. "The code is the law." *Kiser Co.* v. *Bonnett,* 157 *Ga.* 555, 560 (122 S. E. 338). See also *City of Cochran* v. *Lanfair,* 139 *Ga.* 249, 255 (77 S. E. 95). The placing of the words "other simple contracts" in the same class with promissory notes, and providing for each a period of six years limitation, must include a bill of lading signed by both parties. Especially must this be so when a contract which is not under the hand of the party making it is placed in section 4362, along with actions on open accounts. This of itself would place actions on simple contracts, such as bills of lading, in the six-year class, unless it is excluded by the provisions of section

4368. However, no argument is left as to this, since the operation of section 4368 is restricted to actions not provided for in previous sections. And, as pointed out by the Court of Appeals, it has already been held by this court that simple contracts in writing are included within the provisions of section 4361. The statute of limitations on all simple contracts in writing is six years; and this is true whether the promise sued on is expressed in the writing or implied and written into it by the law, and regardless of whether or not the damages claimed are certain or uncertain. It does not matter that the words "due and payable" are used in the Code section. The damages consequent upon a breach of the contract embodied in a bill of lading may be just as much due and payable when the breach occurs, as is the amount specified in a promissory note upon its maturity. The fact that the amount has to be determined by a suit does not render it any less due and payable.

The cases of *Patterson* v. *A. & S. Railroad Co.*, 94 *Ga.* 140 (22 S. E. 283), and *Southern Express Co.* v. *Sinclair*, 135 *Ga.* 155 (68 S. E. 1113), are not in point, for neither of them has any application to the point decided by the Court of Appeals now under review. Neither case has any reference to a bill of lading, and both these cases are based on a carrier's common-law duty to safely deliver. The *Patterson* case concerned a ticket bought by a passenger for his own transportation. The original record in the *Sinclair* case shows that the petitioner expressly disclaimed that his action was based upon the receipt. The plaintiff in *Sinclair's* case could not have recovered upon the receipt, because the trunk which was to be delivered was burned, and the receipt expressly relieved the carrier from liability in case the shipment was burned.

In *John A. Roebling Co.* v. *Southern Power Co.*, 145 *Ga.* 761 (89 S. E. 1075), this court said: "While the suit was one for a breach of an implied warranty, it was nevertheless a suit upon a simple contract in writing, and the implied warranty, though not appearing on the face of that contract, is a part thereof, being written into the contract by the law itself; and what the law writes into a contract is as much a part of the written contract as if expressed therein. 1 Beach on Mod. Con. § 710; 2 Page on Contracts, § 1117 et seq.; *Bond* v. *Perrin*, 145 *Ga.* 200 (88 S. E.

56

954). This suit, being upon a contract in writing, was not barred before the lapse of six years from the time the cause of action arose. Civil Code, § 4361." It is not necessary that the damages recoverable be specified ·in the contract. An action for a breach of the covenant by the vendor of land, though the damages were not named in the contract, was held to be within the provisions of section 4361. *A., K. & N. Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215). For suits on other promises to pay, where the damages were uncertain, see *Hill* v. *Hackett,* 80 *Ga.* 53 (4 S. E. 856), and *R. & G. R. Co.* v. *Pullman Co.,* 122 *Ga.* 700 (50 S. E. 1008).

As well said by Judge Jenkins, in his opinion in the case sub judice, "The ruling in the instant case is in accord with the decisions of the Supreme Court in numerous cases where it has been expressly recognized that, where the contract forming the basis of the action is in writing, the provisions of code section 4361, providing that 'all actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought. within six years after the same become due and payable,' are applicable. Nor, under these decisions, does it matter whether the contract in writing fixed the amount of liability or not."

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent on account of providential cause.*