26923.   FARROW *v.* WHITAKER *et al.*

DECIDED OCTOBER 10, 1938.

*Benjamin Zeesman,* for plaintiff.   *D. E. Griffin,* for defendants.

SUTTON, J.   This was a garnishment proceeding in which Mrs. O. L. Smith, individually and as sheriff of Wilcox County, and J. M. Smith, individually and as deputy sheriff, were served with summons of garnishment issued on a judgment in favor of D. L. Farrow against J. I. Whitaker.   It appears that a distress warrant in favor of the First Joint Stock Land Bank of Montgomery, Alabama, against J. I. Whitaker and Cecil Whitaker, was issued and levied, to which a counter-affidavit and bond were filed by said Whitakers, and $120 in cash was put up with the replevy bond and turned over to J. M. Smith, deputy sheriff.   That case was tried and terminated with a verdict in favor of the defendants. Summonses of garnishment were then immediately served on the garnishees in the present case.   They answered denying indebtedness, and the plaintiff traversed their answers.   The case was tried, and the court directed a verdict against the traverse.   The plaintiff excepted to that judgment, and to certain rulings by the court in the exclusion and admission of testimony as will hereinafter be dealt with.

D. L. Farrow testified for himself, that, after the garnishment case was instituted, J. M. Smith told him on two occasions that

he had some money belonging to J. I. Whitaker; that J. I. Whitaker put up the $120 on the bond as security; and that Cecil Whitaker was present when he put the money up. The plaintiff introduced in evidence the distress warrant and entry of levy thereon by J. M. Smith, deputy sheriff, and the counter-affidavit and bond, the last-named papers being signed by both Cecil and J. I. Whitaker. It was then agreed in open court "that Mrs. O. L. Smith was sheriff of Wilcox County, Georgia, and that John M. Smith was deputy sheriff of Wilcox County, Georgia, at the time the bond was taken by John M. Smith. Also, that John M. Smith paid the $120 put up with him under agreement as security on the replevying bond given in the distress-warrant proceedings; that he paid the same after the garnishment proceedings in this case to C. B. Teal, attorney for Cecil Whitaker, by check drawn on the Dorsey Banking Company by John M. Smith, signed Mrs. O. L. Smith, sheriff, by John M. Smith, deputy, and that the check was paid by said Dorsey Banking Company to said C. B. Teal, attorney for Cecil Whitaker."

C. B. Teal testified for the garnishees, that Cecil Whitaker took to him the distress warrant against J. I. Whitaker and Cecil Whitaker; that they went to the office of D. E. Griffin in Fitzgerald, Georgia, who prepared a counter-affidavit and bond to the distress warrant; that Cecil Whitaker stated that he had arranged with J. M. Smith, deputy sheriff, to put up $120 cash as security on the bond, and he then handed $120 in currency to D. E. Griffin, who attached it with a clip to the bond and gave it back to Cecil Whitaker to take to J. M. Smith, deputy sheriff, in Abbeville, Georgia; and that J. I. Whitaker was not present. The following receipt was introduced in evidence: "August 30, 1935. Received of Cecil Whitaker $15 on a fee in distress warrant sworn out in favor of The First Joint Stock Land Bank of Montgomery, Alabama, against J. I. Whitaker, Cecil Whitaker. D. E. Griffin. C. B. Teal." J. M. Smith testified that he did not tell D. L. Farrow at any time that he had money belonging to J. I. Whitaker; that Cecil Whitaker put up the money on the bond in the distress-warrant case, and that he told Mr. Farrow so; that he had no money or property or effects belonging to J. I. Whitaker, either individually or as deputy sheriff of Wilcox County, Georgia, when he was served with the summons of garnishment, nor

had he received any since. J. I. Whitaker testified that the $120 put up on the distress-warrant bond belonged to Cecil Whitaker, and that he had nothing to do with giving the bond, except he signed it at the request of Cecil Whitaker. Cecil Whitaker testified that he alone employed C. B. Teal and D. E. Griffin in the distress-warrant case, and made a payment to them on their fee; that he put up the $120 in cash on the replevy bond and it was his money; that he carried this money to J. M. Smith and gave it to him on the bond.

█ The judge properly ruled that the evidence of Farrow as to the admissions of J. M. Smith was admissible only against him, the other parties not being present when the admissions are claimed to have been made.

█ The testimony of C. B. Teal and the receipt for $15 to Cecil Whitaker, signed by D. E. Griffin and C. B. Teal, were properly admitted in evidence over the objection of counsel for the plaintiff that the same were self-serving declarations.

█ On the traverse of the answer of the garnishees to the summons of garnishment, the issue was whether the garnishees had assets of the defendant in their hands at the time of service, or between that time and the date of their answer; *Groves* v. *Bibb Sewer Pipe Co.*, 24 *Ga. App.* 558 (101 S. E. 587); and the burden was on the plaintiff to sustain his traverse. *Baker Mercantile Co.* v. *Hancock*, 20 *Ga. App.* 799 (5) (93 S. E. 496). The plaintiff in error contended and testified that J. M. Smith, one of the garnishees, told him, after he was served with summons of garnishment, that he had $120 belonging to J. I. Whitaker. Admissions are a part of the evidence in the case. "It is true that admissions may be the subject of explanation (*Hill* v. *Armour Fertilizer Works*, 21 *Ga. App.* 45 (5), 93 S. E. 511; *William Hester Marble Co.* v. *Walton*, 22 *Ga. App.* 433 (4), 96 S. E. 269; 1 R. C. L. 473, § 9); but where the party to whom they are ascribed denies that he made them, and it is thus issuable before the jury whether they were made or not, and there is no evidence that, if they were made, their author was laboring under a misapprehension of the facts, their effect is not avoided as a matter of law merely by other testimony pointing to a different conclusion, even though such other testimony is not directly contradicted. [Citing.]" *Haas* v. *Godby*, 33 *Ga. App.* 218, 223 (125 S. E.

897). While the evidence would have authorized a verdict against the traverse, yet where there was some evidence, based on testimony in regard to admissions of one of the garnishees, tending to support the theory of the plaintiff that the $120 belonged to J. I. Whitaker, it was error to direct the verdict for the garnishees. *Dennis* v. *Griswold*, 142 *Ga.* 114 (82 S. E. 519).

*Judgment reversed. Stephens, P. J., concurs. Felton, J., dissents.*