## 39086. W. T. HARVEY LUMBER COMPANY v. J. M. WELLS LUMBER COMPANY, INC.

TOWNSEND, Presiding Judge. 1. On the trial of a traverse to the answer of not indebted in a garnishment, the general rule is that if the garnishee is not indebted to the defendant in fi. fa. in such manner that the latter could sue and obtain a judgment against it, then the garnishing plaintiff, who is in no better position than the defendant as to the garnishee, is not entitled to recover. *Adair Levert, Inc. v. Atlanta Envelope Co.,* 70 Ga. App. 685 (29 SE2d 323). An exception may exist where for some reason personal to himself the debtor is estopped from recovering what would otherwise be a valid obligation of the garnishee. Thus, where the debtor has placed his property in the hands of another for the purpose of defrauding creditors, although he might not himself be entitled to sue and recover it back, the judgment creditor may pursue the asset by garnishment, and has every right to recover it which the debtor himself has plus the additional advantage that he may set up the fraud of the debtor although the debtor himself might not do so. *Watkins v. Pope,* 38 Ga. 514 (2).

2. The prior admissions of a party to an action may be offered in evidence although not against interest when made, and, if believed by the jury, may be considered as substantive evidence of the fact sought to be proved. *State Farm Mut. Auto. Ins. Co. v. Kendall,* 104 Ga. App. 481. An attorney is such an agent of his client that his declarations made during the

course of his employment may be offered against his principal. *Glover v. Summerour,* 165 Ga. 513 (5) (141 SE211).

3. "On the traverse of the answer of the garnishees to the summons of garnishment, the issue was whether the garnishees had assets of the defendant in their hands at the time of service, or between that time and the date of their answer. And where there was some evidence, based on testimony in regard to admissions of one of the garnishees, tending to support the theory of the plaintiff that the garnishee did have money in his hands belonging to the defendant after he was served with summons of garnishment, it was error to direct a verdict in favor of the garnishees." *Farrow v. Whitaker,* 58 Ga. App. 454 (3) (198 SE 821).

4. The evidence in this case was that the plaintiff W.T. Harvey Lumber Co. sued out an attachment for debt against W.M. Prince which was levied by service of a summons of garnishment on J.M. Wells Lumber Co., Inc. Undisputed evidence was to the effect that Prince, Sr., the debtor in attachment, had owned a mill and had purchased lumber from the garnishee over a period of time; that thereafter for a period of two months no lumber was purchased; that the debtor and his son, W. M. Prince, Jr., then came to the garnishee and Prince asked that from then on the account be carried in his son's name, stating that he could no longer operate the mill because of finances and had sold it to his son; that thereafter the account was carried in the name of the son; that father and son generally came together to transact business. The attorney for the plaintiff further testified to statements of the attorney for the garnishee, who had represented the firm for some years both as attorney and accountant and who had originally been called on to prepare the answer for the garnishee, that such attorney had assured him that, "You know that I know and Mr. Wells knows that that money belongs to W. M. Prince . . . and not W. M. Prince, Jr., and Mr. Wells and I are not going to be a party to any such fraud of carrying the account in the name of the boy when actually and in fact it is the father's business and the father's money." Neither of the Princes testified. The attorney for the garnishee neither admitted nor denied the statement imputed to him. The garnishee, not the defendant in fi. fa. is the opposite party here (*Pope v. U. S. Fidelity &c. Co.,* 67

Ga. App. 560 (1), 21 SE2d 289), and this admission, if believed by the jury, would be sufficient in connection with the other evidence to make out a prima facie case on behalf of the plaintiff in garnishment. It was accordingly error for the trial court to direct a verdict in favor of the defendant garnishee.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

Decided September 28, 1961.

*John G. Cozart,* for plaintiff in error.

*Copland & Copland, Arthur F. Copland, Dan Copland, Thomas E. Sikes,* contra.