### 46788. GREEN v. MILL FACTORS CORPORATION.

HALL, Presiding Judge. Defendant in a suit on a guaranty contract appeals from the grant of a summary judgment to plaintiff.

From the pleadings, exhibits and affidavits, the following facts are undisputed: In 1965, defendant executed a contract with plaintiff in which he guaranteed payment for credit extended by plaintiff to Carpet & Rug Mills, Inc., for purchases made from any business for which plaintiff acted as factor. In May of 1966, Carpet & Rug had a past due account for purchases made from Modern Carpet Industries in the amount of $13,008.89. In October of 1966 Carpet & Rug was adjudicated a bankrupt. Demand was made upon defendant for payment which was refused. This action was brought in July of 1971.

Defendant pleaded that the statute of limitation had run for a suit on account and enumerates as error the tacit denial of this plea. There is no merit in this contention. The suit is clearly not one on account but on the contract of guaranty which has a six-year limitation under *Code* § 3-705.

Several other defenses also rest on the erroneous assump-

tion that this suit is on an account owed to Modern Carpet by Carpet & Rug. Therefore, even if there might be issues of fact concerning setoff of claims between the two, or which debts were extinguished in bankruptcy, or whether the account has been "charged back" to Modern Carpet, these issues have no bearing on the simple contract of guaranty between plaintiff and defendant. "[I]t is generally held that, where the guarantor is sued alone in a court of law by the creditor, he will not be permitted to plead a claim in set-off which belongs solely to the principal debtor, unless the principal consents thereto, or assigns the claim to him." 38 CJS 1262, Guaranty, § 89. See also 10 Williston on Contracts 799, § 1251.

The only point at which defendant touches on the contract is to contend that since he signed the name of a co-guarantor without any authority, the contract is null and void. It is, of course, null and void as to the ostensible co-guarantor, but he is not being sued. The defendant here, having admitted his execution, cannot destroy his liability by alleging his own irregular conduct.

Since the undisputed facts of the pleadings and affidavits show that plaintiff is entitled to recover as a matter of law, the trial court did not err in granting summary judgment. *Cook v. Young,* 225 Ga. 26 (165 SE2d 727).

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

SUBMITTED JANUARY 7, 1972—DECIDED FEBRUARY 2, 1972— REHEARING DENIED FEBRUARY 29, 1972.

*Pittman, Kinney, Kemp, Pickell & Avrett, H. E. Kinney,* for appellant.

*Walter H. Bolling,* for appellee.