## 63111. SCARBORO v. RALSTON PURINA COMPANY.

Deen, Presiding Judge.

Ralston Purina Company obtained a judgment against Emanuel Milling Company in the United States District Court for the Southern District of Georgia in the amount of $37,259.68 and subsequently filed a garnishment action against R. L. Scarboro. After the summons of garnishment was served, Scarboro answered denying that he was indebted to Emanuel Milling in any amount. Both parties filed motions for summary judgment and Scarboro appeals from the grant of summary judgment in favor of Ralston Purina and from the denial of his motion. *Held:*

The record shows that in October of 1974, three men, including Scarboro, borrowed $125,000.00 from the Citizens Bank of Swainsboro and that Emanuel Milling was the endorser of their note. (The note is not a part of the record, but the security agreement states: "This collateral is pledged by the undersigned corporation as endorsers on a note executed on October 17, 1974, by Rudy L. Scarboro, Wallace Farrow and Donald Farrow.") On November 13, 1974, the men borrowed $27,600 from the corporation in order to purchase stock in the corporation from one Rountree. Three checks were issued by the corporation and Scarboro received approximately $13,000. The stock was issued in the name of the three individuals and Scarboro received a fifty percent interest while the other two men each received twenty-five percent. No notes were signed by the stockholders, but corporation's accountant testified the debt has been carried on the general ledger of the corporation as a note receivable although he had not actually seen the checks and he produced an unaudited financial statement for 1978 which he prepared from the corporation's books which show that $12,930.41 in "accrued interest receivable" is listed as a current asset on this

statement. The accountant further claimed that he informed the stockholders that they had several ways of handling the advancement: (1) as a temporary advancement, (2) consider it as a note, (3) consider it as a dividend of the corporation, or (4) repaid to the accounts receivable in the form of a salary. No decision was ever made by the stockholders so the accountant carried it on the corporation's books as an account receivable earning interest at six percent per annum for income tax purposes and the corporation recognized interest income from the stockholder note receivable every year.

The corporation ceased doing business on March 31, 1980, and its property was foreclosed in July of 1981 by the Citizens Bank because of default on the 1974 bank loan. The property was sold with a $63,000 deficiency remaining. Scarboro signed a note and gave a security deed to some of his personal property to pay the deficiency. He contends that the debt owed by him to Emanuel Milling Company is setoff by his payment of the deficiency and that the statute of limitations has run on the debt if there has been no setoff.

Code Ann. § 46-301 provides: "(a) All debts owed by the garnishee to the defendant at the time of service of the summons of garnishment upon the garnishee and all debts accruing from the garnishee to the defendant from the date of service to the date of the garnishee's answer shall be subject to process of garnishment . . ." Under section (6) this includes "All property, money or effects of the defendant in the possession or control of the garnishee at the time of service of the summons of garnishment upon the garnishee . . ."

"It is well settled by numerous decisions of this court and of the Supreme Court that the position of a plaintiff in relation to the garnishee is no better than the position of the defendant in execution, and if the defendant could not sue and obtain a judgment against the garnishee, then the plaintiff is not entitled to a judgment against the garnishee. [Cits.]" *Elder Building Supply Co. v. Wall,* 114 Ga. App. 117, 119 (150 SE2d 350) (1966). In the present case,. there is no evidence that Scarboro ever signed a note for the money he withdrew from the corporation to cover his stock purchase, although the accountant's testimony and his own admission that he received this money and has not repaid it indicate that there was in fact some sort of loan made to him. Thus, there is no question that a bona fide debt exists. See *Farrow v. Whitaker,* 58 Ga. App. 454 (198 SE 821) (1938); *W. T. Harvey Lumber Co. v. J. M. Wells Lumber Co., Inc.,* 104 Ga. App. 498 (122 SE2d 143) (1961). Scarboro's claim that the corporation owes him money because he assumed the deficiency on the bank loan is without merit as the security agreement for the loan and his subsequent note to the bank and security agreement on his

personal property all show that he was personally liable for the original indebtedness and that it was not a debt owed by the corporation. Therefore, no right of setoff as provided in Code Ann. § 20-1302 existed.

In granting summary judgment, the trial court's order held that appellant's defense of statute of limitations did not apply because Code Ann. § 3-706 applied to those accounts or contracts "not under the hand of the party sought to be charged" and that the loan from the corporation to Scarboro was "under the hand" of the garnishee. We must disagree. "Hand" is used in legal parlance to denote either handwriting or a written signature. Salazar v. Taylor, 18 Colo. 538 (33 P 369 (1893). We find that the four-year statute of limitations set forth in Code § 3-706 does apply. Appellee, however, contends that under the holding in *Poole v. Trimble,* 102 Ga. 773 (1897) "[w]here a debt is not at once due and no time is specified for its payment, it is due and payable in a reasonable time or upon demand subsequently made" and the statute of limitations does not begin to run until after demand. However, two years later the Supreme Court in *Teasley v. Bradley,* 110 Ga. 497, 504 (1900) held: "When money is loaned and there is no agreement as to the time of repayment, the amount loaned is in law due immediately, and the statute of limitations begins to run at once in favor of the borrower." In *Smith v. Early,* 60 Ga. App. 506, 511 (3 SE2d 913) (1939), this court held: " 'Where, by the contract of the parties, express or implied, the money or debt which is the subject-matter thereof is payable only upon a demand in fact therefor, the statute of limitations does not begin to run until an actual demand for payment is made. The demand, however, must be made within a reasonable time, which is ordinarily the period of the statute of limitations but where the parties contemplated a delay in making the demand to some indefinite time in the future, the statutory period for bringing the action is not controlling as to the question of reasonable time.' [Cit.]" On motion for rehearing, the court distinguished *Teasley v. Bradley,* supra, as applicable to those instances where there is no agreement as to the time of repayment. "However, where the money is loaned, payable on demand, there is no rule of law that prevents an express or implied agreement between the parties that their arrangement should continue into the future for a considerable length of time before the plaintiff would be expected to demand his money, even though such contemplated demand may be made beyond the statutory period for bringing such an action. In short, to avoid the statute of limitations, the delay in the demand must be contemplated by the contract." Id. at 511. This rule was later applied in both cases of *Mallin v. Spickard,* 103 Ga. App. 562 (120 SE2d 128) (1961), and 105 Ga. App. 561 (125 SE2d 93) (1962).

We find that when the usual rules of summary judgment are applied, see *Burnett Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408) (1962), the trial court erred in granting Ralston Purina's motion, as a question of fact requiring jury resolution existed. The evidence shows that interest was calculated on the loan to Scarboro, that this amount was placed on the corporation's books, and that Scarboro did not protest the annual calculation of interest. From this evidence a jury could find that an express or implied agreement existed that demand would be made beyond the statutory period. "The cardinal rule of the summary judgment procedure is that the court cannot resolve facts or reconcile issues, but only ascertain if there is an issue." *Foskey v. Smith,* 159 Ga. App. 163 (283 SE2d 33).

Accordingly, the trial court erred in granting summary judgment in favor of the appellee, but did not err in denying the appellant's motion.

*Reversed in part; affirmed in part. Banke and Carley, JJ., concur.*

DECIDED DECEMBER 2, 1981.

*William H. McWhorter, Jr.,* for appellant.
*M. Theodore Solomon,* for appellee.