64145. CHATHAM v. GEORGIA-PACIFIC CORPORATION.

SHULMAN, Presiding Judge.
Appellee sued the principal debtor and appellant-guarantor on a contract of guaranty executed in 1972. The debt giving rise to the liability accrued in 1980. Appellee obtained summary judgment against the principal debtor, from which no appeal was taken. The trial court, sitting without a jury, entered judgment against appellant

on the guaranty agreement. The parties stipulated that the guaranty was never cancelled by notice from appellant and that all the debt being sued upon accrued in 1980. The sole defense asserted by appellant is based upon the statute of limitation.

We agree with appellant that the six-year statute of limitation applies to this action, since the parties have stipulated that this was not a contract under seal. Code Ann. § 3-705. *Green v. Mill Factors Corp.,* 125 Ga. App. 603 (188 SE2d 519). However, we do not agree that the statute began to run on the date the guaranty was executed. Code Ann. § 3-705 provides that "[a]ll actions upon promissory notes, bills of exchange or other simple contracts in writing shall be brought within six years *after the same shall become due and payable.*" (Emphasis supplied.) In interpreting the application of this statute to surety agreements, which we construe the "guaranty" agreement in this case to be in substance, this court has stated: "The right of action upon an unsealed contract of surety is barred by the statute of limitation upon the expiration of six years after the date of the maturity of the obligation, not six years after the date of the execution of the agreement, since no right of action accrues until the maturity date of the obligation." *Fagelson v. Pfister Aluminum Corp.,* 109 Ga. App. 663, 666 (137 SE2d 313). Since it has been stipulated in this case that the accounts giving rise to liability all accrued in 1980, the action on the guaranty agreement is not barred by the applicable statute of limitation.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*Claude E. Hambrick,* for appellant.
*Bartow Cowden III, Larry S. Bryant,* for appellee.