A07A0477. CANAL INSURANCE COMPANY v. PRO SEARCH
et al.
(648 SE2d 497)

ANDREWS, Presiding Judge.

Canal Insurance Company appeals from the trial court's grant of Pro Search and Pro Temps's (Pro Search) motion for summary judgment. The trial court held that Canal's claim for amounts due under its contract to provide workers' compensation insurance to Pro Search was barred by the statute of limitation. Because the law in Georgia is that the statute of limitation begins to run at the time contemplated by the contract, which in this case is 30 days after notice was sent of the amount due, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). We review the grant or denial of summary judgment de novo, construing the evidence in favor of the nonmovant. Id.

Although Canal's brief on appeal is lacking and fails to provide any record cites whatsoever, it appears that the underlying facts in this case are largely undisputed.[1] The record shows that Canal and Pro Search contracted for Canal to provide workers' compensation insurance for Pro Search beginning on June 9, 1997. The policy at issue provided that Canal would pay the applicable $2,500 deductible on each claim, and would in turn bill Pro Search for reimbursement. Canal billed Pro Search $42,755.54 on November 25, 2002. Pro Search refused to pay and Canal sued. Pro Search moved for summary judgment, contending that the statute of limitation had run on the claim. The trial court granted the motion and this appeal followed.

The contract between Canal and Pro Search provided: "We will pay the deductible amount for you to the claimant or provider of services, but you must reimburse us within 30 days after we sent you notice that payment is due."

---

[1] Pro Search acknowledged that it did not dispute the amount of the claim.

Accordingly, the issue is when does the statute of limitation begin to run against an action on a contract which contemplates an actual demand. The trial court held that the statute of limitation began to run 30 days after each payment on the deductible was made by Canal, because Canal could have "successfully brought suit within 30 days of payment to the medical providers as to each claim." This is incorrect. Under the clear language of the contract, payment was not due until 30 days after Canal sent notice to Pro Search of the amount due. Accordingly, there could have been no suit under the contract until notice was sent.

"Where a debt is not at once due and no time is specified for its payment, it is due and payable in a reasonable time or upon demand subsequently made and the statute of limitations does not begin to run until after demand." *Scarboro v. Ralston Purina Co.*, 160 Ga. App. 576, 578 (287 SE2d 623) (1981).

> Where, by the contract of the parties, express or implied, the money or debt which is the subject-matter thereof is payable only upon a demand in fact therefor, the statute of limitations does not begin to run until an actual demand for payment is made. The demand, however, must be made within a reasonable time, which is ordinarily the period of the statute of limitations; but where the parties contemplated a delay in making the demand to some indefinite time in the future, the statutory period for bringing the action is not controlling as to the question of reasonable time.

*Smith v. Early*, 60 Ga. App. 506, 511 (3 SE2d 913) (1939).

*Kicklighter v. Woodward*, 267 Ga. 157 (476 SE2d 248) (1996), cited by Pro Search, is not helpful. That case states: "When money is loaned and *there is no agreement as to the time of repayment*, the amount loaned is in law due immediately, and the statute of limitations begins to run at once in favor of the borrower." (Emphasis supplied.) Id. at 159. Clearly, in the instant case, the amount was not due immediately because the agreement provided otherwise.

Here, the contract did not provide that the demand had to be made at any particular time, and Canal made its claim while payments under the contract were ongoing. Therefore, the statute of limitation began to run at the time of the demand. See *Ranwal Properties v. John H. Harland Co.*, 285 Ga. App. 532 (646 SE2d 730) (2007). Because the court erred in determining when the statute of limitation began to run on Canal's claim, the trial court's grant of summary judgment to Pro Search is reversed.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED JUNE 26, 2007 —

*Brian D. Hardison*, for appellant.

*Proctor, Chambers & Hutchins, Robert J. Proctor, Bradley A. Hutchins, Adam C. Caskey, Carlock, Copeland, Semler & Stair, Edward T. McAfee*, for appellees.