A07A2338. HILL v. AMERICAN EXPRESS.
(657 SE2d 547)

ANDREWS, Presiding Judge.

American Express sued Ricky Hill to recover $47,716.44 in unpaid credit card charges. Hill did not dispute that he owed money, but contended that the applicable statute of limitation barred suit on all but a small portion of the amount claimed. The trial court held that the six-year statute of limitation for simple contracts applied in this case and granted American Express's motion for summary judgment and denied Hill's motion for summary judgment. We agree that the statute of limitation in this case is six years and affirm.

> All actions upon simple contracts in writing shall be brought within six years after the same become due and payable. However, this Code section shall not apply to actions for the breach of contracts for the sale of goods under Article 2 of Title 11 or to negotiable instruments under Article 3 of Title 11.

[2] 106 Ga. App. 305 (126 SE2d 887) (1962).
[3] 203 Ga. App. 12 (1) (416 SE2d 92) (1992).
[4] See *Brown v. Dorsey,* 276 Ga. App. 851, 857 (2) (625 SE2d 16) (2005).

OCGA § 9-3-24.

Hill argues that the applicable statute of limitation is OCGA § 9-3-25, which provides:

> All actions upon open account, or for the breach of any contract not under the hand[1] of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues. However, this Code section shall not apply to actions for the breach of contracts for the sale of goods under Article 2 of Title 11.

1. This is not an action on an open account.

> [A] contract was effected in this case when the plaintiff issued its credit card to the defendant to be accepted by [him] in accordance with the terms and conditions therein set forth, or at [his] option to be rejected by [him]. Such rejection need take the form of returning the card, or simply its non-use. The issuance of the card to the defendant amounted to a mere offer on plaintiff's part, and the contract became entire when defendant retained the card and thereafter made use of it. The card itself then constituted a formal and binding contract.

(Citation omitted.) *Davis v. Discover Bank*, 277 Ga. App. 864, 865 (627 SE2d 819) (2006).

2. We also reject Hill's contention that OCGA § 9-3-25 applies in this case because he did not sign the contract. Because this was a written contract,[2] the form of Hill's acceptance is immaterial and the provisions of OCGA § 9-3-24 governing contracts in writing apply.

Hill cites to *Seaboard Air-Line R. v. Averett*, 159 Ga. 876 (127 SE 217) (1925), as authority for his claim that because he did not sign a contract with American Express, the claim falls under the four-year statute of limitation of OCGA § 9-3-25. However, *Seaboard Air-Line R.* does not support this argument. That case interpreted "contracts not under the hand" to mean contracts not in writing, and stated that simple contracts in writing come under the six-year statute. Id. at 879. See also *Adams v. Lee County Bank & Trust Co.*, 178 Ga. 154, 158 (172 SE 224) (1934) ("all actions upon promissory notes, bills of

---

[1] " 'Hand' is used in legal parlance to denote either handwriting or a written signature." (Citation omitted.) *Scarboro v. Ralston Purina Co.*, 160 Ga. App. 576, 578 (287 SE2d 623) (1981).

[2] American Express has submitted a copy of the contract between the cardholder and the Bank.

exchange, or other simple contracts in writing shall be brought within six years") (citation and punctuation omitted). Accord *Harris Trust & Sav. Bank v. McCray*, 21 Ill. App.3d 605 (316 NE2d 209) (1974) (third party issuers of credit cards who bring actions against cardholders for unpaid balances have the benefit of the ten-year statute of limitation governing contracts).

In this case, there is a simple contract in writing. That the contract was agreed to, not by signature, but by use of the card does not take it out of OCGA § 9-3-24. Accordingly, the trial court correctly held that American Express's claims were not barred by the statute of limitation.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 24, 2008 —
RECONSIDERATION DENIED FEBRUARY 12, 2008 

*Lisa R. Coody*, for appellant.
*Trauner, Cohen & Thomas, Michael J. Cohen*, for appellee.