A08A0435. PHOENIX RECOVERY GROUP, INC. v. MEHTA.
(663 SE2d 290)

RUFFIN, Presiding Judge.

The sole issue for determination on appeal in this matter is whether an action on a debt arising from a credit card account is governed by the six-year statute of limitation for an action on a contract, OCGA § 9-3-24, or the four-year statute of limitation for an action on an open account, OCGA § 9-3-25. Because we agree with the appellant, Phoenix Recovery Group, Inc. ("Phoenix"), that the applicable statute of limitation is that for an action on a contract, we reverse.

---

The parties stipulated to the facts below. Sharadkumar C. Mehta ("Mehta") signed an application for a Best Buy credit card from Beneficial National Bank on December 22, 1994. Mehta acknowledged on the application that he received and read a copy of the written cardholder agreement for the account and that he understood and agreed to its terms and conditions. On April 8, 2000, Mehta used the credit card to purchase goods in the amount of $1,353.56 from Best Buy. On April 24, 2000, Mehta used the credit card to purchase goods in the amount of $31.50 from Best Buy. Pursuant to the terms of the agreement, Mehta was given a six-month period from the date of his purchases during which no payments were due. Payments for the purchases were due by the end of each month, beginning October 31, 2000. Mehta made a payment of $300 on October 31, 2000, and a second payment of $100 on December 31, 2000. He has made no further payments. The successor in interest to Beneficial National Bank, Household Bank, NA, closed Mehta's account on December 31, 2001. Phoenix, the assignee and legal holder of the account, filed suit against Mehta on November 21, 2006 for the remaining balance due.

Mehta alleges that Phoenix's claim is barred by the four-year statute of limitation for an action on an open account, while Phoenix contends that its claim is governed by the six-year statute of limitation for an action on a contract and thus is not barred. The parties agree that the statute of limitation began to run more than four years, but less than six years, before the filing of this action. The trial court held that the four-year statute of limitation applies, and entered judgment for Mehta. Phoenix appeals.

"When a question of law is at issue, such as whether the statute of limitation bars an action, we owe no deference to the trial court's ruling and apply the plain legal error standard of review."[1] We find that the result in this matter is governed by our recent decision in *Hill v. American Express*.[2] In *Hill*, we held that the six-year statute of limitation for contracts applied to an action to recover unpaid credit card charges, even when the defendant's acceptance of the contract consisted of use of the credit card rather than signing the contract. Here, where Mehta both signed an application and used the credit card, we must reach the same conclusion. Accordingly, we reverse.

*Judgment reversed. Andrews and Bernes, JJ., concur.*

---

[1] (Punctuation omitted.) *Leachman v. State*, 286 Ga. App. 708, 709 (649 SE2d 886) (2007).

[2] 289 Ga. App. 576 (657 SE2d 547) (2008).

DECIDED JUNE 12, 2008.

*Bridgers, Peters & Kleber, David A. Kleber*, for appellant.
*Morris L. Richman*, for appellee.