**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 1, 2017**

# In the Court of Appeals of Georgia

A16A1888. HENRY v. STRATEGIC EXCHANGE, LLC et al.

SELF, Judge.

Beatrice Henry appeals from the trial court's dismissal of her complaint against Strategic Exchange, LLC ("Strategic"), Maurice Sanders, and Yusef Poole based upon the expiration of the statute of limitation. Henry contends that the trial court erred because: (1) her complaint was not barred by the statute of limitation; (2) the defendants' failure to respond to her requests for admissions entitled her to summary judgment in her favor; and (3) the defendants' motion to dismiss was untimely. For the reasons explained below, we reverse.

> On appeal, we conduct a de novo review of a trial court's ruling on a motion to dismiss. Our role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose

with certainty that the plaintiff would not be entitled to relief under any state of provable facts.

(Citation, punctuation and footnotes omitted.) *Sanders v. Trinity Universal Ins. Co.*, 285 Ga. App. 705, 706 (647 SE2d 388) (2007).

In a verified complaint, Henry alleged that in June 2006, she lent Strategic $50,000 in exchange for a one-year promissory note and a guaranty of the loan by Poole and Sanders. Henry attached copies of a "Promissory Installment Note" and a guaranty to the complaint.

The note provided that Strategic would pay

four (4) equal payments on a quarterly basis of $1,250.00 interest. The first such payment due and payable on the 1st day of October, 2006, and a like installment shall be due and payable on the same day of each third succeeding month thereafter (i.e. January 2007, April 2007, July 2007) with the final payment including the original principal amount of $50,000.00, until the total of $55,000.00 principal and interest is paid in full.

According to Henry's complaint, she sent Poole and Sanders a letter in July 2011, informing them that she had only received "a few thousand dollars of interest and none of the principal due on the Note[,]" but received no response from them. She

2

subsequently retained counsel, who sent a demand letter for payment to Strategic, Poole, and Sanders in September 2012.

After receiving no response from the defendants to her attorney's demand letter, Henry filed the present suit for breach of the note and the guaranty on January 11, 2013. She later moved for summary judgment in her favor based upon admissions resulting from the defendants' failure to respond to her requests for admissions. Through these admissions, each of the defendants were deemed to have admitted that Strategic Exchange entered into the one-year written promissory note attached to the Henry's requests for admissions. The record before us contains no ruling by the trial court on Henry's motion for summary judgment.

The defendants filed a motion to dismiss based upon the expiration of the statute of limitation, and the trial court granted the motion, reasoning:

> Actions arising from breach of an oral contract must be brought within four years after the right of action accrues. OCGA § 9-3-25. . . . Any action arising from breach of a written contract must be brought within six years after the right of action accrues. . . . The statute of limitations bar[s] this action. Here, the parties entered [into] an agreement on June 26, 2006. The first payment from this agreement came due on October 1, 2006, at which time no payment was made. Therefore, the action accrued on October 1, 2006. This claim was filed on January 11, 2013. Since the facts do not support any tolling of the statute of limitations, a

3

claim on an oral contract or unjust enrichment would be barred after October 1, 2010, and a claim on a written contract would be barred after October 1, 2012.

Based upon these conclusions, the court noted that it "need not determine whether a written contract exists to find that this claim is barred by the statute of limitations."

1. Henry asserts that the trial court erred by dismissing her complaint based upon the expiration of the statute of limitation because it did not begin to accrue until the note matured in July 2007. We agree.

Due to the lack of evidence showing that Henry accelerated the note after Strategic Exchange failed to make scheduled payments, her cause of action on the note accrued when the appellees failed to pay the note upon its maturity in July 2007. See *Chatham v. Georgia-Pacific Corp.*, 163 Ga. App. 525, 526 (295 SE2d 226) (1982) (right of action accrues at maturity date of obligation); *Wall v. Citizens & Southern Bank*, 153 Ga. App. 29, 31 (4) (264 SE2d 523) (1980) (cause of action for note accrues upon acceleration of note after missed payment), overruled on other grounds, *Southall v. State*, Ga. (Case No. S16A1721, decided January 23, 2017)); *McKeever v. State*, 189 Ga. App. 445, 446 (375 SE2d 899) (1988). As this case involves a simple contract in writing, the statute of limitation period is six years.

OCGA § 9-3-24; *Newell Recycling of Atlanta v. Jordan Jones and Goulding, Inc.*, 288 Ga. 236, 237 (703 SE2d 323) (2010); *Phoenix Recovery Group v. Mehta*, 291 Ga. App. 874, 875 (663 SE2d 290) (2008); *Hill v. American Express*, 289 Ga. App. 576, 577 (1) (657 SE2d 547) (2008). As Henry filed her action in January 2013, less than six years after her right of action on the note accrued in July 2007, the trial court erred in granting the motion to dismiss based upon the expiration of the statute of limitation.

2. Because Henry's motion for summary judgment was not ruled upon by the trial court, we cannot consider the merits of the motion for the first time on appeal. "This court is for the correction of errors, and where the trial court has not ruled on an issue, we will not address it." (Citation and punctuation omitted.) *Rushin v. Ussery*, 298 Ga. App. 830, 837-838 (5) (681 SE2d 263) (2009).

3. Henry's remaining claim of error is rendered moot by our holding in Division 1.

*Judgment reversed. Barnes, P. J., and Rickman, J., concur*.