## McLEOD *v.* BANK OF ABBEVILLE.

GILBERT, J. Mrs. McLeod sold land to Atkinson, executing a bond for title, and receiving several purchase-money notes. Subsequently Mrs. McLeod transferred to a bank, "without recourse," all of the notes save one. Thereafter the bank filed a petition against Mrs. McLeod and Atkinson and his wife, alleging maturity and default in the payment of the notes; that Atkinson, though holding a bond for title only, had conveyed the property by deed to his wife; that he had failed to pay to Mrs. McLeod the note retained by her, then past due; that Mrs. Atkinson and Mrs. McLeod had entered into an agreement by which Mrs. Atkinson was to surrender to Mrs. McLeod all of her interest in the land, to pay rent to Mrs. McLeod for the premises for a stipulated length of time, with the option to repurchase; and that the defendants had made no provision for the payment of the notes held by the bank. The prayers were: (1) for judgment against Atkinson; (2) that the court decree that the bank has a lien upon the property, superior to the claims of all of the defendants; (3) for general relief. No fraud was alleged, and no injunction sought. *Held,* that under the repeated rulings of this court, when purchase-money notes are transferred. by the vendor of land "without recourse" or without guaranty, the notes lose their character as purchase-money notes, in so far as they entitle the holder to a lien on the property. *Gould* v. *Bank of Statesboro,* 105 *Ga.* 373 (31 S. E. 548); *Georgia State Building & Loan Association* v. *Faison,* 114 *Ga.* 655, 661 (40 S. E. 760). It follows that the court erred in overruling a demurrer presented by Mrs. McLeod.

*Judgment reversed. All the Justices concur.*
MAY 18, 1917.

3

Equitable petition.   Before Judge George.   Wilcox superior court.   February 19, 1916.

*M. B. Cannon,* for plaintiff in error.   *Hal Lawson,* contra.