ADAMS *et al. v.* LEE COUNTY BANK & TRUST CO. *et al.*

No. 9699.　January 1, 1934.

*Harris, Russell, Popper & Weaver* and *Hall & Bloch,* for plaintiffs in error.

*R. D. Feagin, J. E. Feagin,* and *L. U. Bloodworth,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) The defendants Adams and Willingham contended (1) that the stipulation contained in the deed is merely a limitation on the warranty, and not a promise to pay the debt; (2) that if the note is an obligation, the action is barred by the statute of limitations; and (3) that the indorsement of the note by Mrs. Tonner to the Ace Mortgage Investment Company, and the subsequent transfer by the Ace Mortgage Investment Company to Lee County Bank & Trust Company, without recourse, is such an act as destroyed the lien of the mortgage and released the sureties, and that thereby Adams and Willingham are relieved from payment of the note as stipulated in the deed delivered to them by Mr. and Mrs. Ireland.

We are of the opinion that the stipulation in the deed from Mr. and Mrs. Ireland to Adams and Willingham is not a mere restriction of the warranty, but that it is plainly an agreement to discharge the debts specifically described.

There is no merit in the contention that Adams and Willingham had had imposed upon them an implied trust to pay Mrs. Tonner the money within four years, and that for this reason the action has been barred by the statute of limitations. The wording

of the portion of the deed referring to the payment of the debt by the grantees therein called specific attention to the date of the note given to Mrs. Tonner. The wording imposed a special obligation upon Adams and Willingham to pay that debt in order to protect the Irelands, the grantors in the deed; but it would be unthinkable to allow any one to take advantage of his own wrong, and toll the statute of limitations in his own favor, and thereby defeat the obligation which had been undertaken and assumed; and consequently the bar of the statute could not attach until the original note given to Mrs. Tonner was itself barred. As will be seen, this note was due on October 15, 1926, and not until then did the statutory period of six years begin to run, and the six-year period had not expired when the suit was instituted. The facts of this case do not raise an implied assumpsit or undertaking; consequently it does not fall under the provision of the Civil Code (1910), § 4362, which requires that actions of that character shall be brought within four years after the right of action accrues. In *Seaboard Air-Line Railway Co.* v. *Averett,* 159 *Ga.* 876, 881 (127 S. E. 217, 39 A. L. R. 1400), it was said: "The statute of limitations on all simple contracts in writing is six years; and this is true whether the promise sued on is expressed in the writing or implied and written into it by the law, and regardless of whether or not the damages claimed are certain or uncertain. . . The fact that the amount has to be determined by a suit does not render it any less due and payable." As said by Judge Jenkins in *Averett* v. *Seaboard Air-Line Ry. Co.,* 32 *Ga. App.* 124: "The ruling in the instant case is in accord with the decisions of the Supreme Court in numerous cases where it has been expressly recognized that, where the contract forming the basis of the action is in writing, the provisions of code-section 4361, providing that 'all actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same become due and payable,' are applicable. Nor, under these decisions, does it matter whether the contract in writing fixed the amount of liability or not."

■ The third question asked by learned counsel for the plaintiffs in error is: "What effect, if any, has the assignment without recourse on the rights of the plaintiff in this case, Lee County Bank & Trust Company, of Florida?" In the state of the record, we

reply, none whatever. Numerous decisions might be cited, such as *McLeod* v. *Bank of Abbeville*, 147 *Ga.* 33 (92 S. E. 645), and *Jordan Mercantile Co.* v. *Brooks*, 149 *Ga.* 157 (99 S. E. 289), which deal with cases of liens and their priorities, especially where purchase-money is involved; but these authorities have no bearing whatever on this case, where the plaintiff is asking for nothing more than a judgment on the note executed by the defendants, the Irelands, the execution of which is not denied or contested by the Irelands. · Adams and Willingham, in accepting the deed, undertook and obligated themselves to pay this note. All the parties are before a court of equity fully authorized to deal with the subject-matter and adjudge the respective liabilities of each party. Under the allegations of the petition the court did not err in holding that the petition set up a good cause of action, first, against the Irelands in the suit upon the note; and secondly, against Adams and Willingham, for a judgment in accordance with the provisions of the warranty deed by means of which they obtained the property conveyed to them by the Irelands. We are not aware of any law that prevents the payee of a note or his transferee, whether the transfer be with or without recourse, from recovering what is asked in this case—the amount of a debt which is undisputed. Nor is there anything in the petition which will prevent a court of equity from enforcing the obligation entered into by Adams and Willingham for the benefit of the Irelands by relieving them (as the plaintiffs in error undertook to do when they accepted the deed) from payment of the note they originally gave Mrs. Tonner. The number of decisions which have reference to purchase-money are not in point in this case, because there is nothing in the record to indicate that the original debt from the Irelands to Mrs. Tonner was purchase-money. To the contrary, the writing bespeaks a loan of $2000, and an ordinary mortgage was taken as security for the money lent. There is nothing in the record to indicate that Mrs. Tonner at any time had title to the property described in her mortgage.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*