## 44489. SUMMERLIN v. BEACON INVESTMENT COMPANY, INC.

SUBMITTED MAY 29, 1969—DECIDED SEPTEMBER 2, 1969— REHEARING DENIED SEPTEMBER 12, 1969—

Grant, Spears & Duckworth, William G. Grant, for appellant.
Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Baxter L. Davis, for appellee.

BELL, Presiding Judge. ■ It is unnecessary for us to decide whether the court erred in ordering the motion to dismiss to be treated as one for summary judgment and directing the parties to file evidentiary material. The defendant acquiesced in the order, participated in the proceeding, and himself in his written objections filed to the admission of portions of the stipulation identified his motion as "defendant's motion for summary judgment." No ruling of the trial court was invoked on the point. If the order was erroneous, the defendant by his actions waived all objections. This situation should not be confused with the accepted principle that affidavits voluntarily filed by parties in support or in opposition to motions to dismiss may be considered by the court in treating the motions as ones for summary judgment. Code Ann. § 81A-156; Barron & Holtzoff, Federal Practice and Procedure, Volume 1A, p. 316. Here, the judge's action was extraordinary in that no voluntary matters outside the pleadings were in the case and the court on its own motion ordered the submission of evidentiary material.

■ The sale price of this realty was substantial: $2,350,000. The terms of payment were: $25,000 earnest money to be applied against the purchase price (clarity not questioned); at closing $200,000 cash (clarity not questioned); "purchaser to assume a first mortgage loan in favor of Collateral Investment Company in the amount of $1,850,000 bearing interest at the rate of 6½% per annum" (clarity challenged); and three described notes of $100,000 each "to be secured by a deed to secure debt on the within described property, subject only to the aforesaid loan in favor of Collateral Investment Company." (Emphasis supplied.) (Clarity not questioned.)

This case is controlled adversely to appellant by Branan & Schmitz Realty v. Ballard, 117 Ga. App. 758 (162 SE2d 16)

and the cases it cites and follows. We think the contract expressly states the consideration and does so clearly. In any event all that is required by the law is that the contract furnish a key by which the consideration may be ascertained. Note that immediately following the provision for the assumption of this huge loan of $1,850,000, appears the provision for the three notes of $100,000 each which are to be secured by a deed to secure debt subject only to the "aforesaid loan in favor of Collateral Investment Company." Reading these provisions of the agreement together, it is obvious that if doubt existed as to the details of the loan, a key to the loan was furnished by which its true nature could readily be ascertained.

The stipulation of facts by the parties is unnecessary to the decision here and was not necessary to that in the trial court. The contract as a matter of law is sufficiently clear to support an action for its breach. Thus whether treated as a motion to dismiss or as a motion for summary judgment, the denial of the motion was demanded.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*