69088. McDONALD et al. v. PATTON.
(323 SE2d 690)

BANKE, Presiding Judge.

This is an action by the surviving spouse of Dr. H. P. McDonald and the executors of Dr. McDonald's estate to enforce an alleged contract between McDonald and the defendant, Elmo Patton. Under the alleged terms of the contract, McDonald agreed to forego legal action against Patton in return for Patton's promise to pay McDonald more than $15,000 in satisfaction of a claim for misappropriated funds. It is uncontroverted that Patton obtained the funds in question on various dates in 1978. The plaintiffs contend that the alleged settlement agreement was entered into on September 11, 1979. This action was filed on September 9, 1983. The trial court granted summary judgment to Patton based on a determination that the claim was barred by the statute of limitation. *Held*:

A suit on an oral contract is subject to a 4-year statute of limitation. See OCGA § 9-3-25. "[A] promise made in extinguishment of a doubtful claim is sufficient to support a valid contract." *Skinner v. Smith*, 120 Ga. App. 35, 36 (169 SE2d 365) (1969). Whether such an agreement was in fact entered into between the parties, is, of course, a matter for jury resolution in this case; and accordingly it may not be said as a matter of law that the claim is barred by the statute of limitation. Furthermore, even assuming *arguendo* that the debt arose in 1978, as Patton contends, " '[a] valid agreement not to sue upon a demand until the happening of a particular event (suspends) the running of the statute . . . until such event occurs.' [Cit.]" *Thomas v. Hudson*, 190 Ga. 622 (4) (10 SE2d 396) (1940). It follows that the trial court erred in granting Patton's motion for summary judgment.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 30, 1984.

*John V. Burch, John C. Bach*, for appellants.

*David G. King*, for appellee.