70467, 70468. NELSON v. NELSON; and vice versa.

(335 SE2d 411)

CARLEY, Judge.

In June of 1983, the plaintiff, Mrs. Charles Nelson, initiated the instant civil action, naming her former daughter-in-law, Mrs. Lorine Nelson, as the defendant. The plaintiff sought the principal and interest allegedly owed to her pursuant to a loan agreement, as well as attorney fees. The defendant denied any liability. Following a bench trial, judgment was entered in favor of the plaintiff for principal and interest but not for attorney fees. In Case No. 70467, the defendant appeals from the judgment entered on the verdict. In Case No. 70468, the plaintiff cross-appeals, enumerating as error the failure to include attorney fees in the judgment.

*Case No. 70467*

1. At trial, the following evidence in support of the verdict was adduced: Sometime in 1978, the plaintiff agreed to loan the defendant $10,000. The defendant did not execute a standard promissory note. However, the defendant did execute and mail to the plaintiff a document dated June, 1978 and entitled "Security Agreement." That document granted to the plaintiff a security interest in certain household items "to secure the payment of the principal of, interest on and all obligations under a promissory note . . . payable to the order of [the plaintiff] in the amount of Ten Thousand Dollars ($10,000.00) [at] 9% compound [interest]. . . ." The document also contained the following language: "Additional Provisions of Agreement[.] The sum of Ten Thousand Dollars with [interest] at 9% (nine percent) compounded until paid, shall be payable on demand, principal and [interest]." At trial, the plaintiff contended, and the trial court held, that the document's language constituted an enforceable "note obligating the defendant to pay to the plaintiff the sum called for therein plus interest." On appeal, the defendant contends that the trial court erred in finding that the document was an enforceable written note, and in entering judgment in favor of the plaintiff.

We initially note that if the evidence demanded a finding that any contract between the parties was oral, the plaintiff's action on

such an oral contract was not timely. OCGA § 9-3-25; *McDonald v. Patton*, 172 Ga. App. 491 (323 SE2d 690) (1984). However, if the document at issue is a promissory note or other simple written contract, the plaintiff's cause of action was subject to a 6-year statute of limitation. If this be true, the plaintiff's lawsuit was timely filed. OCGA § 9-3-24; *Woodall v. Hixon*, 154 Ga. App. 844 (270 SE2d 65) (1980), reversed on other grounds, 246 Ga. 758 (272 SE2d 727) (1980).

On appeal, the defendant asserts that the document at issue does not constitute the basis for an action seeking a recovery of money from her because it does not contain an unconditional promise to pay. See OCGA § 11-3-104 (1) (b). We note that we do not need to decide whether the document constitutes a negotiable instrument. It is clear that in an action *by* the payee against the maker of the note, it is immaterial whether the instrument is a negotiable paper within the requirements of the Uniform Commercial Code. *Daniels v. Allen*, 118 Ga. App. 722, 726 (165 SE2d 449) (1968). We do find that the document "discloses a contract between the parties, the intent of which is clearly discernible, *a promise to pay* [$10,000] on demand, plus interest . . . 'arising from [a loan from the plaintiff]' . . ." (Emphasis supplied.) *Daniels v. Allen*, supra at 726-727. Courts must ascertain the intention of the parties. OCGA § 13-2-3. The intent must be given effect whenever possible, even though a document or instrument is poorly or unskillfully prepared. *Skinner v. Bearden*, 77 Ga. App. 325, 326 (48 SE2d 574) (1948). In the instant case, although the document was entitled, and, did in fact, constitute, a "Security Agreement," the language of the agreement combined with other admissible evidence, was sufficient indicia of a loan contract with such definite terms as to be held enforceable. See generally *Associated Mutuals v. Pope Lumber Co.*, 200 Ga. 487, 491 (2) (37 SE2d 393) (1946); OCGA §§ 13-1-1; 13-3-1.

Therefore, the claim in the case at bar is based upon an enforceable simple written contract. " 'The statute of limitations on all simple contracts in writing is six years; and this is true whether the promise sued on is expressed in the writing or implied and written into it by the law. . . . [This rule] is in accord with the decisions of the Supreme Court in numerous cases where it has been expressly recognized that, *where the contract forming the basis of the action is in writing*, the provisions of [OCGA § 9-3-24] . . . are applicable.' " (Emphasis supplied.) *Adams v. Lee County Bank &c. Co.*, 178 Ga. 154, 158 (172 SE 224) (1934). Cf. *Seaboard Air-line Railway v. Averett*, 159 Ga. 876 (127 SE 217) (1925). It is undisputed that the parties executed no other documents evidencing the alleged agreement. Nor is there any evidence that the document did not constitute the entire contract between the parties. Compare *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243, 246 (296 SE2d 788) (1982). Accordingly,

the applicable statute of limitation in the instant case is 6 years, and the instant action was not time-barred. We find that the trial court did not err in entering judgment for the plaintiff.

### Case No. 70468

2. In her cross-appeal, the plaintiff asserts that the trial court erred in failing to grant attorney fees in its judgment. The document at issue provides for reasonable attorney fees and legal expenses in the case of default by the defendant. We find that all conditions specified in OCGA § 13-1-11 have been met and that the plaintiff is entitled to attorney fees. See *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109 (249 SE2d 596) (1978). Accordingly, the trial court is directed to add to the final judgment attorney fees calculated in conformity with OCGA § 13-1-11. See *Carter v. Whatley*, 97 Ga. App. 10, 13 (101 SE2d 899) (1958); *Dozier v. Wallace*, 169 Ga. App. 126, 131 (6) (311 SE2d 839) (1983).

*Judgment in Case No. 70467 affirmed. Judgment in Case No. 70468 reversed with direction. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1985 —
REHEARING DENIED SEPTEMBER 20, 1985 — 

*Fred L. Cavalli,* for appellant.
*Dana L. Jackel, James D. Coots,* for appellee.