## S09G1974. NEWELL RECYCLING OF ATLANTA, INC. v. JORDAN JONES AND GOULDING, INC.
### (703 SE2d 323)

MELTON, Justice.

Jordan Jones and Goulding, Inc. ("JJ&G"), a professional engineering firm, designed an automobile shredding facility for Newell Recycling of Atlanta, Inc. (Newell). JJ&G's work was done pursuant to a "Draft Scope of Work" document and letters that it sent to Newell in August 1997, and pursuant to an agreement to prepare a concrete work platform that would control drainage around the shredding facility. After work had been completed on the project and the shredding facility became operational, in or around May 2000, the concrete platform around the facility began to fail.

Over four years later, in August 2004, Newell sued JJ&G for breach of contract and professional malpractice. On August 4, 2005, JJ&G moved for summary judgment, arguing that the complaint was barred by the four-year statute of limitation applicable to actions "upon any implied promise or undertaking" contained in OCGA § 9-3-25 ("[a]ll actions . . . upon any implied promise or undertaking shall be brought within four years after the right of action accrues"). On September 5, 2008, the trial court denied the motion, holding that, at the very least, an issue of fact existed as to the existence of a written contract, and that, therefore, the six-year statute of limitation of OCGA § 9-3-24 applicable to written contracts applied. See id. ("All actions upon simple contracts in writing shall be brought within six years after the same become due and payable").

The Court of Appeals reversed, holding that, even if one

> assum[es,] arguendo[,] that JJ&G's August 1997 letters to Newell, together with the Draft Scope of Work, [were] sufficient to constitute an enforceable, written contract between the parties, Newell's claim [was] nevertheless barred by the applicable [four-year] statute of limitation [contained in OCGA § 9-3-25].

*Jordan Jones & Goulding, Inc. v. Newell Recycling of Atlanta, Inc.,* 299 Ga. App. 294, 297 (682 SE2d 666) (2009). In reaching this

conclusion, the Court of Appeals reasoned that "OCGA § 9-3-25 applies even to those professional malpractice claims premised on the breach of a written contract for professional services" (id. at 298), and, "[b]ecause Newell's breach of contract claim [was] premised on a written contract for professional services and calls into question the conduct of professionals in their area of expertise, it [was] a claim for professional malpractice, and the four-year statute of limitation applie[d]." (Citations and punctuation omitted.) Id. at 299.

This Court granted certiorari to address whether the Court of Appeals erred in holding that a professional malpractice claim premised on a written contract is governed by the four-year statute of limitation in OCGA § 9-3-25, rather than the six-year statute of limitation in OCGA § 9-3-24. For the reasons that follow, we reverse.

As this Court made clear in *Seaboard Air-Line R. Co. v. Averett*, 159 Ga. 876, 881 (127 SE 217) (1925): "The statute of limitations on all simple contracts in writing is six years; *and this is true whether the promise sued on is expressed in the writing or implied and written into it by the law*." (Emphasis supplied.) Accord *Adams v. Lee County Bank &c. Co.*, 178 Ga. 154 (172 SE 224) (1934). See also OCGA § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same become due and payable"). In this regard, because an implied promise to perform professionally pursuant to a written agreement for professional services would be "written into [the contract for professional services] by the law," an alleged breach of this implied obligation would necessarily be governed by the six-year statute of limitation of OCGA § 9-3-24. For this reason, the Court of Appeals was incorrect when it concluded that the four-year statute of limitation of "OCGA § 9-3-25 applies even to those professional malpractice claims premised on the breach of a written contract for professional services." *Jordan Jones & Goulding, Inc.*, supra, 299 Ga. App. at 298. It is instead the six-year statute of limitation of OCGA § 9-3-24 that would apply to such a claim. See *Seaboard Air-Line R. Co.*, supra.

By its plain terms, the four-year statute of limitation contained in OCGA § 9-3-25 does not apply where a contract is evidenced by a sufficient writing. The statute only applies where no sufficiently written contract exists and a cause of action can therefore be based solely on the breach of an express oral or implied promise. See OCGA § 9-3-25 ("All actions . . . for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking shall be brought within four years after the right of action accrues"). Thus, again, based on the Court of Appeals "assuming arguendo that [the relevant documents at

issue here were] sufficient to constitute an enforceable, written contract between the parties" (*Jordan Jones & Goulding, Inc.*, supra, 299 Ga. App. at 297), the Court of Appeals should have concluded, as the trial court did, that the six-year statute of limitation contained in OCGA § 9-3-24 was applicable to Newell's claims as opposed to the four-year statute of limitation applicable to oral agreements as stated in OCGA § 9-3-25.

In determining which statute of limitation applies, the threshold inquiry is to determine whether a written agreement actually exists between the parties such that any implied duties sued upon would have grown directly out of the existence of the written contract itself. See, e.g., *Bd. of Regents of the University System of Ga. v. Tyson*, 261 Ga. 368 (1) (404 SE2d 557) (1991) (no action for breach of alleged written contract existed where documents purporting to create written contract did not amount to a complete written contract); *Cobb v. C. Everett Clark Co.*, 118 Ga. 483, 485 (45 SE 305) (1903) ("The incidental duties *arising out of* [a written] contract, like the contract obligations, [are] binding upon the contracting parties") (emphasis supplied). In this sense, OCGA § 9-3-24

refers to . . . liabilities resting in or growing out of written contracts, not remotely or ultimately, but immediately; that is, to such contracts, obligations, or liabilities as arise from instruments of writing, executed by the parties who are sought to be charged, in favor of those who seek to enforce the contracts, obligations, or liabilities.

*Thomas v. Pacific Beach Co.*, 115 Cal. 136, 140 (1896). Where a complete written contract exists and an action for breach of contract is pursued, the Legislature and this Court have made clear that the six-year statute of limitation of OCGA § 9-3-24 applies, regardless of whether the alleged breach stems from the express terms of the agreement or duties that are implied in the agreement as a matter of law. Id. See also *Seaboard Air-Line R. Co.*, supra. Where the agreement is incomplete, such that the writing does not form a contract or the promise allegedly broken stems from a purely oral agreement, the four-year statute of limitation of OCGA § 9-3-25 applies. Id. Compare *Nelson v. Nelson*, 176 Ga. App. 107, 107-108 (1) (335 SE2d 411) (1985) (where evidence did not "demand[ ] a finding that any contract between the parties was oral" and instead showed that "the document at issue [was] a promissory note or other simple written contract, the plaintiff's cause of action was subject to [the] 6-year statute of limitation [of OCGA § 9-3-24]") with *Jankowski v. Taylor, Bishop & Lee*, 154 Ga. App. 752 (269 SE2d 871) (1980) (four-year statute of limitation of OCGA § 9-3-25 applied to mal-

practice action where retainer letter only addressed fees to be charged by law firm and therefore did not constitute entire contract between the parties). To the extent that *Old Republic Nat. Title Ins. Co. v. Attorney Title Svcs.*, 299 Ga. App. 6 (682 SE2d 134) (2009) can be read for the proposition that professional malpractice claims premised upon a complete written agreement are subject to the four-year statute of limitation of OCGA § 9-3-25, it is hereby overruled.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 22, 2010.

*Shapiro, Fussell, Wedge & Martin, H. Fielder Martin, Jason A. Cooper, Adorno & Yoss, Stephen G. Lowe*, for appellant.

*Smith, Currie & Hancock, Kent P. Smith, Robert O. Fleming, Jr., Joseph C. Staak*, for appellee.