## A09A1397. JORDAN JONES AND GOULDING, INC. v. NEWELL RECYCLING OF ATLANTA, INC.
(710 SE2d 915)

BLACKWELL, Judge.

The earlier decision of the Court in this case, *Jordan Jones and Goulding v. Newell Recycling of Atlanta*, 299 Ga. App. 294 (682 SE2d 666) (2009), was reversed by the Supreme Court of Georgia, *Newell Recycling of Atlanta v. Jordan Jones and Goulding*, 288 Ga. 236 (703 SE2d 323) (2010). We now vacate our earlier decision and adopt the opinion of the Supreme Court as our own. The question remains, however, whether the claims in this case are governed by the statute of limitation for simple contracts in writing, OCGA § 9-3-24, or by the statute of limitation for express oral promises and implied

---

promises, OCGA § 9-3-25. See *Newell Recycling*, 288 Ga. at 238-239. As our Supreme Court explained,

> [w]here a complete written contract exists and an action for breach of contract is pursued, the Legislature and this Court have made clear that the six-year statute of limitation of OCGA § 9-3-24 applies, regardless of whether the alleged breach stems from the express terms of the agreement or duties that are implied in the agreement as a matter of law.

288 Ga. at 238. On the other hand, "[w]here the agreement is incomplete, such that the writing does not form a contract or the promise allegedly broken stems from a purely oral agreement, the four-year statute of limitation of OCGA § 9-3-25 applies." Id. As an example of a case in which the written contract was found to be incomplete, the Supreme Court cited our decision in *Jankowski v. Taylor, Bishop & Lee*, 154 Ga. App. 752 (269 SE2d 871) (1980). See 288 Ga. at 238-239 (citing *Jankowski*). In *Jankowski*, we held that a retainer letter did not constitute the entire contract between a law firm and its client because it addressed only two aspects of the relationship between the firm and client, and we applied the statute of limitation for the breach of oral promises because the remainder of the contract was in parol. See 154 Ga. App. at 754-755 (2).

To afford the trial court the opportunity to apply these principles to the circumstances presented in this case in the first instance, we vacate the decision below and remand for further proceedings consistent with this opinion and the opinion of our Supreme Court. More specifically, the trial court should reconsider whether the writings upon which Newell Recycling relies form the entire contract between the parties, and its reconsideration of this issue should be informed by the principles and authorities cited in the opinion of the Supreme Court and above.

*Judgment vacated and case remanded. Adams and Doyle, JJ., concur.*

DECIDED JUNE 1, 2011.

*Smith, Currie & Hancock, Joseph C. Staak, Robert O. Fleming, Jr.*, for appellant.

*Shapiro, Fussell, Wedge & Martin, H. Fielder Martin, Stephen G. Lowe*, for appellee.