**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 23, 2012**

# In the Court of Appeals of Georgia

A12A1031. NEWELL RECYCLING OF ATLANTA, INC. v. JORDAN JONES & GOULDING, INC.

MCFADDEN, Judge.

This case presents the issue of whether two letters and an enclosed document sent by Jordan Jones & Goulding, Inc. to Newell Recycling of Atlanta, Inc. constitute a contract in writing for the purpose of determining the applicable statute of limitation. If so, then Newell's breach of contract action against Jordan Jones is timely under the six-year statute of limitation for written contracts, OCGA § 9-3-24. If the contract between Newell and Jordan Jones is part in writing and part in parol, then the four-year statute of limitation of OCGA § 9-3-25 applies, and Newell's action is time-barred. We agree with the trial court that because the written documents do not contain all the essential components of a contract, the parties'

agreement was not a contract in writing for statute of limitation purposes. We thus affirm the trial court's grant of summary judgment to Jordan Jones.

As the Supreme Court described them in *Newell Recycling of Atlanta v. Jordan Jones & Goulding*, 288 Ga. 236 (703 SE2d 323) (2010), the facts are as follows:

> Jordan Jones and Goulding Inc. ("JJ&G"), a professional engineering firm, designed an automobile shredding facility for Newell Recycling of Atlanta, Inc. (Newell). JJ&G's work was done pursuant to a "Draft Scope of Work" document and letters that it sent to Newell in August 1997, and pursuant to an agreement to prepare a concrete work platform that would control drainage around the shredding facility. After work had been completed on the project and the shredding facility became operational, in or around May 2000, the concrete platform around the facility began to fail.

> Over four years later, in August 2004, Newell sued JJ&G for breach of contract and professional malpractice. On August 4, 2005, JJ&G moved for summary judgment, arguing that the complaint was barred by the four-year statute of limitation applicable to actions "upon any implied promise or undertaking" contained in OCGA § 9-3-25 ("(a)ll actions . . . upon any implied promise or undertaking shall be brought within four years after the right of action accrues").

The trial court denied Jordan Jones's motion, finding that the six-year statute of limitation of OCGA § 9-3-24 applied. Reversing the trial court, we ruled that

2

Jordan Jones was entitled to summary judgment because the action was time-barred under OCGA § 9-3-25, reasoning that the four-year statute of limitation in that code section applied to all malpractice claims sounding in contract. *Jordan Jones & Goulding v. Newell Recycling of Atlanta*, 299 Ga. App. 294, 297 (682 SE2d 666) (2009). The Supreme Court reversed our decision, finding that a professional malpractice claim premised on a *written* contract is governed by the six-year statute of limitation in OCGA § 9-3-24. 288 Ga. at 237-239.

Upon remittitur, we found that "[t]he question remains . . . whether the claims in this case are governed by the statute of limitation for simple contracts in writing, OCGA § 9-3-24, or by the statute of limitation for express oral promises and implied promises, OCGA § 9-3-25." *Jordan Jones & Goulding v. Newell Recycling of Atlanta*, 309 Ga. App. 717, 717-718 (710 SE2d 915) (2011). Accordingly, we vacated the trial court's order and remanded for the trial court to consider this question. Id. at 718. On remand, the trial court granted summary judgment to Jordan Jones, finding that the parties' contract was not completely in writing and thus the four-year statute of limitation applied. Newell filed this appeal.

According to our Supreme Court, our "threshold inquiry is to determine whether a written agreement actually exists between the parties such that any implied

3

duties sued upon would have grown directly out of the existence of the written contract itself." (Citations omitted.) 288 Ga. at 238. "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." OCGA § 13-3-1. We must determine whether the writings at issue – the August 15 and August 22, 1997 letters and the attached document -- contain these four elements.

The August 15, 1997 letter is a cover letter, enclosing a nine-page document entitled "Draft SCOPE OF WORK." In the cover letter, Jordan Jones wrote that it believed that the draft scope of work document "addresse[d] [y]our environmental assessment and permitting needs as well as facilities planning/design and bidding/construction phase needs for the New Recycling Facility in Duluth." Jordan Jones "welcome[d Newell's] input and . .. ideas to ensure that [it had] covered all the bases," and noted that "[w]hile [Newell was] reviewing this Scope of Work for completeness, [Jordan Jones would] be developing a budget estimate for the various tasks outlined in the scope." The enclosed draft scope of work document listed six categories of work to be performed: environmental site assessment; facilities

4

planning; site design; facilities design; permitting; and bidding and construction phases. It listed specific work to be performed under each category.

The August 22, 1997 letter attached the same draft scope of work document and provided that Jordan Jones "propose[d] to perform this work on an hourly [basis] and . . . only bill [Newell] for completed task[s]." The letter went on to "estimate . . [a] range of fees for the first 3 tasks identified in [its] previously submitted Draft Scope of Work," but noted that "the remaining 3 tasks [could] not be accurately estimated until some definition of [Newell's] proposed facilities [could] be developed and a site visit of the existing buildings and site features [could] be arranged."

There is no dispute that these documents identify the parties to the contract and reflect their assent. The issue is whether the documents contain "consideration moving to the contract" and "a subject matter upon which the contract can operate." OCGA § 13-3-1. Pretermitting the issue of subject matter, we find that the documents fail to include the essential element of consideration.

"It is fundamental contract law that consideration is essential to a contract which the law will enforce." (Citation omitted.) *Newport Timber Corp. v. Floyd*, 247 Ga. 535, 540 (3) (277 SE2d 646) (1981). And "consideration must be stated in the contract or at least be ascertainable from the contract." *Robles v. Humana Hosp.*

5

*Cartersville*, 785 F. Supp. 989, 1001 (N.D. Ga. 1992) (citing *Summerlin v. Beacon Investment Co.*, 120 Ga. App. 296, 298 (2) (170 SE2d 307) (1969)). "[A]ll that is required by the law is that the contract furnish a key by which the consideration may be ascertained." *Summerlin*, 120 Ga. App. at 298 (2).

Newell argues that the consideration component is included in the August 22, 1997 letter, which provides cost estimates for the first three stages of work and states that Jordan Jones will bill its work on an hourly basis. The problem is that neither the August 15, 1997 letter nor the August 22, 1997 letter contains the hourly rates. Newell argues that an invoice sent by Jordan Jones is the necessary key by which the consideration may be ascertained. OCGA § 24-6-3 (a) provides that "[a]ll contemporaneous writings shall be admissible to explain each other." But "the evidence must demonstrate that the writings were executed at the same time and in the course of the same transaction in order to allow the writings to be construed together." (Citation and punctuation omitted.) *LaFarge Bldg. Materials v. Pratt*, 307 Ga. App. 767, 771 (2) (706 SE2d 131) (2011). Although the invoice lists the number of hours worked and resulting charges for five different categories of employees – secretary, engineer 6, engineer 2, engineer 1, and CAD operator – that document, dated November 13, 1997, is not contemporaneous to the August 17 and August 22

6

letters. See *Manry v. Hendricks*, 66 Ga. App. 442, 453 (18 SE2d 97) (1941) ("One thing is contemporaneous with a given transaction when it is so related in point of time as reasonably to be said to be a part of such transaction.") Newell cannot rely upon the invoice as the key to provide the element of consideration. Nothing in the two letters or draft scope of work that Newell contends form the written contract enables a reader to determine the hourly rate that Jordan Jones would charge for its work.

It is true, as Newell argues, that the parties eventually must have agreed on hourly rates, which possibly could be determined by dividing the amounts paid for the first three tasks by the number of hours worked. But the information necessary to make that calculation -- the number of hours worked -- is not contained in the three documents that Newell contends form the written contract. "[W]hen essential terms of a contract are not in writing but instead must be implied or presumed from parol evidence of the parties' conduct, the contract is not considered a written one, and the four-year limitation period set forth in OCGA § 9-3-25 controls." *Harris v. Baker*, 287 Ga. App. 814, 815 (652 SE2d 867) (2007). Cf. *Bd. of Regents &c. v. Tyson*, 261 Ga. 368, 369-370 (1) (404 SE2d 557) (1991) (contract where essential term of

consideration had to be implied from the parties' conduct was not a written contract for sovereign immunity purposes).

Because the parties' contract was not wholly in writing, the entire contract is considered to be one in parol, and the four-year statute of limitation applies. *Jankowski v. Taylor, Bishop & Lee*, 154 Ga. App. 752, 754-755 (2, 3) (269 SE2d 871) (1980). The trial court properly concluded that Newell's action was time-barred and properly granted Jordan Jones summary judgment.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*