In the MATTER OF: Deborah Delanie ROBINSON, Debtor.

Marrian Stinson, Plaintiff

v.

Deborah Delanie Robinson, Defendant.

**BANKRUPTCY CASE NO. 12–12870–WHD**
**ADVERSARY PROCEEDING NO. 14–1049**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Signed January 21, 2015

**823**

Marrian Stinson, Greenville, GA, pro se.

Michael A. Gorove, Harmon & Gorove, P.C., Newnan, GA, for Defendant.

## IN PROCEEDINGS UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

### *ORDER*

W. Homer Drake, U.S. Bankruptcy Court Judge

The above-styled adversary case comes before the Court on a Motion for Summary Judgment (hereinafter the "Motion"), filed

by Deborah Delanie Robinson (hereinafter the "Debtor"). This motion arises with respect to a complaint, filed by Marrian Stinson (hereinafter "Stinson"), seeking nondischargeability as to a particular debt under Section 523 and seeking a denial of a general discharge pursuant to Section 727 of the Bankruptcy Code.[1] This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 157(b)(1) and 11 U.S.C. § 1334, as a core proceeding defined under 28 U.S.C. §§ 157(b)(2)(I) & (J).

### *Summary Judgment Standard*

In accordance with Federal Rule of Civil Procedure 56 (applicable to bankruptcy under FED. R. BANKR. P. 7056), this Court will grant summary judgment only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Chavez v. Mercantil Commercebank, N.A.,* 701 F.3d 896, 899 (11th Cir.2012). A fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party has the burden of establishing the right of summary judgment, *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mut. Life Ins. Co.,* 692 F.2d 1370, 1372 (11th Cir.1982), and the Court will read the opposing party's pleadings liberally. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

In determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v.*

---

1. 11 U.S.C. §§ 101 *et. seq.*

*S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir.1985). The moving party must identify those evidentiary materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* FED. R. CIV. P. 56(e). Once the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a material issue of fact which precludes summary judgment. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Martin v. Commercial Union Ins. Co.*, 935 F.2d 235, 238 (11th Cir.1991).

### *Factual Background*

On October 9, 2007, the Debtor's spouse executed a written loan agreement with Stinson for past monies owed in the amount of $3,700, plus interest at a rate of 21%, payable at $250 per month, beginning on the date the agreement was signed. *See* Def.'s Mot. Ex. A. On November 18, 2007, the Debtor sought a loan of $300 from Stinson, which Stinson authorized only after the parties reached an understanding that the Debtor would agree to repay the debt owed by her spouse, as well as the $300, with proceeds from an IRA account the Debtor expected to cash out in January of the following year. *See* Pl.'s Resp. 1–2.; *see also* Pl.'s Compl. 2 ("[The Debtor] verbally stated over the phone that she will pay off the balance of the loan with her IRA account that she was to draw by January 10, 2008.").

On November 27, 2007, the Debtor met with Stinson. *Id.* At the meeting, the Debtor paid $1,000 to Stinson, satisfying the new debt of $300 and reducing the old debt to the amount of $3,415.[2] *Id.*; *see also* Def.'s Mot. 2. Also, during the November 27th meeting, the Debtor recommitted herself to paying the remaining $3,415 by January 14, 2008, and presented Stinson, for the first time, with documents showing a balance in her IRA account of roughly $28,000. *See* Pl.'s Resp. 2.; *see also* Pl.'s Compl. 2 ("[The Debtor] promis[ed] that by January 14, 2008, [the Debtor] would pay debt in full."). For whatever reasons, the obligation was not satisfied in January.

On October 3, 2012, the Debtor sought relief in bankruptcy under Chapter 13 of the Code. A Plan was confirmed on January 10, 2013. On June 17, 2013, the Debtor amended her schedules to include a potential debt owed to Stinson, but characterized the debt as disputed. Stinson filed a proof of claim ten days later. The Chapter 13 Trustee initially objected to Stinson's claim on August 14, 2014, subsequently amended his objection on November 27, 2013, but ultimately withdrew his objection on January 31, 2014, permitting Stinson to participate in any *pro rata* distribution to creditors. However, the case was converted to Chapter 7 on May 6, 2014.

On May 6, 2014, coinciding with the conversion to Chapter 7, a notice was sent to all creditors setting June 12, 2014, as the date for the meeting of creditors and informing creditors that the deadline for objecting to the Debtor's discharge or the discharge of a particular debt was August 11, 2014. On July 17, Stinson moved for an extension of that deadline. The Court held a hearing on August 22, 2014, and, on August 25, 2014, issued an Order granting

---

**2.** Though it is unclear, there may have been a second loan made to the Debtor's spouse, and presumably interest was accruing.

the extension of the "deadline for Stinson to file a complaint to determine dischargeability of a particular debt under 523(c) of the Bankruptcy Code ... [for a period of] sixty (60) days from the date of the entry of the Order." *See* Ct.'s Order, Dkt. No. 63 (Aug. 25, 2014).

On October 21, 2014, Stinson commenced her adversary proceeding. Her complaint objects to the dischargeability of the assumed debt under Section 523(a)(2)(A) and (B) and to the Debtor's discharge under Section 727 of the Code.

### Conclusions of Law

**A.** *Claim of Nondischargeability under 523(a) of the Code.*

■ In order to establish a *prima facie* case under 523(a) of the Code, a creditor must first demonstrate an enforceable debt under applicable state law. *See In re Miller*, 292 B.R. 409, 412 (9th Cir. BAP 2013) ("Absent an enforceable prepetition debt, there is no debt to except from discharge."); *see also id.* ("Generally, the existence and validity of a debt is determined by reference to nonbankruptcy law."). As a matter of law, the timeliness of a claim is fundamentally vital to Stinson's establishing an enforceable debt. *See Hot Shot Kids Inc. v. Pervis (In re Pervis)*, 497 B.R. 612, 625 (Bankr.N.D.Ga.2013) (Hagenau, B.J.).

Georgia's statute of limitations for breach of a simple contract in writing is six years. O.C.G.A. § 9-3-24. However,

where a simple contract has not been reduced wholly to writing and is instead based on the breach of an expressed oral contract, the limitations period is only four years.[3] O.C.G.A. § 9-3-25 ("All actions ... for the breach of any contract not under the hand[4] of the party sought to be charged ... shall be brought within four years after the right of action accrues."); *Newell Recycling of Atl., Inc. v. Jordan Jones and Goulding, Inc.*, 288 Ga. 236, 237, 703 S.E.2d 323 (Ga.2010); *see also Newell Recycling of Atl., Inc. v. Jordan Jones and Goulding, Inc.*, 317 Ga.App. 464, 467, 731 S.E.2d 361 (Ga.Ct.App.2012) ("Because the parties' contract was not wholly in writing, the entire contract is considered to be one in parol, and the four-year statute of limitation applies.").

■ For calculating applicability, the limitations period begins to run when "the plaintiff could first have maintained her action to a successful result." *Walker v. Gwinnet Hosp. Sys., Inc.*, 263 Ga.App. 554, 556, 588 S.E.2d 441 (Ga.Ct.App.2003). In other words, the limitations period began to run when the Debtor breached the contract by missing her first (and only) payment. *Id.* By Stinson's own admission, the date agreed upon for repayment under the oral contract was January 14, 2008.[5] Pl.'s Compl. 2 ("[The Debtor] promis[ed] that by January 14, 2008, [the Debtor] would pay debt in full."). Accordingly, to establish an effective debt under the law, Stin-

---

**3.** Even if this action is considered one in fraud, the same limitations period applies. *See Pervis*, 497 B.R. at 625 ("Claims for fraud ... have a four-year statute of limitations.") (citing O.C.G.A. § 9-3-31); *Anthony v. Am. Gen. Fin. Serv., Inc.* 287 Ga. 448, 461, 697 S.E.2d 166 (Ga.2010).

**4.** " 'Hand' as used in the law 'denote[s] either handwritten or a written signature.' " *Murphy v. Varner*, 292 Ga.App. 747, 748 n. 1, 666 S.E.2d 53 (Ga.Ct.App.2008).

**5.** Assuming *arguendo* that the Contract was entered into fraudulently, i.e. never with any intent to repay, the statute of limitations period begins to run from the date the fraud is discovered, *Anthony v. Am. Gen. Fin. Serv., Inc.* 287 Ga. 448, 461, 697 S.E.2d 166 (Ga. 2010), which ultimately coincides with the date of initial default on repayment of the loan.

son was required to bring suit against the Debtor on or before January 14, 2012. To the Court's knowledge, no proceeding had been commenced by Stinson as of the limitation's date. Consequently, there is no enforceable debt for the Court to except from discharge, and Stinson's Section 523(a) counts fail as a matter of law.

### B. Objection to Discharge under 727 of the Code.

■ Rule 4004(a) requires that in a Chapter 7 case, a complaint objecting to a debtor's discharge under Section 727(a) must be filed no later than sixty days after the first date set for the Section 341 meeting of creditors. FED. R. BANKR. P. 4004(a). "The deadlines provided for in the Rules 'are to be interpreted strictly....' " *In re Convington*, 2013 WL 3778844, at *2 (Bankr.N.D.Ga. May 15, 2013) (Diehl, B.J.).

■ By the express terms of the Court's August 25, 2014 Order, the deadline for filing a complaint objecting to discharge was extended only as to counts brought under Section 523 of the Code. *See* Ct.'s Order, Dkt. No. 63 (Aug. 25, 2014). Accordingly, the deadline for bringing an objection to discharge under Section 727 was August 11, 2014. Under the circumstances in this case, therefore, Stinson's Section 727 counts are barred as late, entitling the Debtor to judgment as a matter of law.[6]

### Conclusion

After reviewing the pleadings in this matter, and considering all allegations of fact in a light most favorable to the non-moving party, the Court concludes that the Debtor is entitled to judgment as a matter of law on all counts advanced in Stinson's complaint. Accordingly, it is hereby

**ORDERED** that the Debtor's Motion is **GRANTED.** The alleged debt owed to Stinson shall be dischargeable in bankruptcy, and the Debtor is entitled to a discharge, conditioned upon compliance with all other prescriptions of Chapter 7 of the Code. A judgment to this effect shall be issued concurrently herewith. Each party shall bear its own attorney's fees in this proceeding.[7]

The Clerk is directed to serve a copy of this Order on the Debtor, the Debtor's counsel, Stinson, and the Chapter 7 Trustee.

---

6. Under *Kontrick v. Ryan*, 540 U.S. 443, 453, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), the Court acknowledges that the Rule 4004 statute of limitations is not jurisdictional in nature, but it is still an affirmative defense, and in the absence of facts establishing an equitable exception, the claim fails. *See In re Bullock*, 2013 WL 2338620, at *7 (Bankr.N.D.Ga. April 18, 2013) (Diehl, B.J.) (examining the criteria commonly used for equitable relief from a non-jurisdictional bar date).

7. The Debtor requested attorney's fees in the amount of $1,500 under Section 523(d) of the Code, which provides:
> [i]f a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d). Given the nature of Stinson's *pro se* status, the Court finds that Stinson's complaint was substantially justified in that it had a "reasonable basis both in law and in fact" and that it would be unjust to penalize her for having only a lay person's knowledge of the law. *See In re King*, 258 B.R. 786, 798 (Bankr.D.Mont.2001) (following similar rationale).