**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN, P. J. and PIPKIN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 7, 2025**

# In the Court of Appeals of Georgia

A23A0410. TITSHAW et al. v. GEER et al.

A23A0439. COHEN POLLOCK MERLIN TURNER, P.C. et al v. TITSHAW et al.

RICKMAN, Presiding Judge.

This consolidated appeal involving tort-based-legal-malpractice claims and breach-of-contract-for-legal-services claims is before us on remand from the Supreme Court of Georgia. In *Titshaw v. Geer*, 386 Ga. App. 266, 268-270 (1), (2), and (4) (888 SE2d 301) (2023) ("*Titshaw I")* we concluded that the tort-based-legal-malpractice claims were barred by OCGA § 9–3-25's four year statute of limitation and that the breach-of-contract-for-legal-services claims should be dismissed as "duplicative" of the tort-based legal-malpractice claims. Our Supreme Court granted certiorari to consider "which statute of limitation applies to a claim for breach of a contract for

legal services — OCGA § 9-3-24's six-year statute of limitation for "actions upon simple contracts in writing" or OCGA § 9-3-25's four-year statute of limitation for "actions ... for the breach of any contract not under the hand of the party sought to be charged, or upon any implied promise or undertaking" and "whether the Court of Appeals erred in concluding that a claim for breach of a contract for legal services should be dismissed if it is based on the same conduct underlying a tort-based legal-malpractice claim that the court has concluded is barred by the statute of limitation." *Titshaw v. Geer*, 320 Ga. 128, 129 (907 SE2d 835) (2024). ("*Titshaw II*").

The Supreme Court concluded that

> a breach-of-contract-for-legal-services claim can be governed by either OCGA § 9-3-24's six-year statute of limitation or OCGA § 9-3-25's four-year statute of limitation, and that which statute of limitation applies must be determined under the framework set out in *Newell Recycling of Atlanta, Inc. v. Jordan Jones and Goulding, Inc.*, 288 Ga. 236 (703 SE2d 323) (2010). We further hold that, in Division of 4 of its opinion, the Court of Appeals erred in concluding that a claim for breach-of-contract-for-legal-services was due to be dismissed as "duplicative" of a legal-malpractice claim that it had concluded was barred by OCGA § 9-3-25's statute of limitation. *Titshaw,* 386 Ga. App. at 270 (4).

*Titshaw II*, 320 Ga. at 129.

2

The Supreme Court noted that its order granting certiorari included both case numbers from this Court (A23A0410 and A23A0439), but the certiorari questions concerned only the rulings in Divisions 2 and 4 of this Court's opinion. *Titshaw II*, 320 Ga. at 131 (2). While this case was pending before the Supreme Court, the parties to the first appeal, A23A0410, settled the case between them and thereby rendered that appeal moot. Id. Accordingly, the Supreme Court confined its review to Division 4 of this Court's opinion and vacated that division. Id. And because this Court based its ruling in Division 4 on its reasoning in Division 2, the Supreme Court exercised its discretion to vacate Division 2 of this Court's opinion as well. See id. Accordingly, we vacate Divisions 2 and 4 of our opinion, adopt the Supreme Court's opinion as our own with respect to those divisions, and address whether under the framework of *Newell Recycling* it was possible for the plaintiffs to prove that OCGA § 9-3-24's six-year statute of limitations applied to the breach-of-contract-for-legal-services claim. Divisions 1 and 3 of our opinion were not affected by the Supreme Court's decision and thus remain in effect. See *Shadix v. Carroll County*, 274 Ga. 560, 563-564 (1) (554 SE2d 465) (2001). For the reasons that follow, we reverse.

As set forth in the Supreme Court's opinion, the record shows that

David Titshaw is the majority owner and managing member of Taylor Investment Partners II, LLC, TIP II - Ansley, LLC, and TIP II - Suburban, LLC (the "TIP entities"), which operate restaurants in Atlanta and Decatur under franchise agreements. After the TIP entities filed a Chapter 11 bankruptcy petition, giving the franchisor grounds for terminating the franchise agreements, Titshaw and the TIP entities (collectively, "Plaintiffs") filed suit against defendants Will B. Geer and the Law Office of Will B. Geer, LLC (collectively, "Geer"), and Cohen Pollock Merlin Turner, P.C. ("CPMT"), who had advised Plaintiffs to file the Chapter 11 bankruptcy petition. Plaintiffs asserted tort claims for legal malpractice and claims for breach of the separate contracts for legal services that Plaintiffs had entered into with Geer and CPMT.

The trial court granted Geer's and CPMT's motions to dismiss the legal-malpractice claims as barred by OCGA § 9-3-25's four-year statute of limitation but summarily denied their motions to dismiss the breach-of-contract claims on the same grounds. On summary judgment, the trial court concluded that the breach-of-contract claim against Geer was likewise governed by, and barred under, OCGA § 9-3-25's four-year statute of limitation.

(Footnote omitted.) *Titshaw II*, 288 Ga. at 129-130 (1).

We are tasked with determining whether the trial court properly denied CPMT's motion to dismiss the breach-of-contract-for-legal-services claim as barred

by the statute of limitations under the following well established motion-to-dismiss standard. A trial court may grant a motion to dismiss only if,

> taking the allegations in the complaint as true and resolving all doubts in favor of the plaintiff, (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

(Citation and punctuation omitted.) *Titshaw II*, 320 Ga. at 140 (3) (d).

"When determining whether to grant a motion to dismiss a breach-of-contract claim as barred by the statute of limitation, the threshold question is which statute of limitation applies to the claim." *Titshaw II*, 320 Ga. at 140 (3) (d). "OCGA § 9-3-24's six-year limitation period governs a breach-of-contract-for-professional-services claim premised on a breach of a duty arising directly from a written contract with the defendant — including a breach of a duty that is implied from the contract as a matter of law." Id. "By contrast, OCGA § 9-3-25's four-year limitation period governs a breach-of-contract-for-professional-services claim premised on a breach of an oral agreement or a breach of a duty that does not arise directly from a written contract

5

with the defendant." Id. "Thus, to determine which statute of limitation applies to a plaintiff's breach-of-contract-for-professional-services claim at the motion-to-dismiss stage, a court must ask whether the allegations in the complaint disclose with certainty that the breach alleged by the plaintiff could not be a breach of any duty directly arising from a written contract with the defendant." Id. "And only if the plaintiff's allegations show that the plaintiff could not establish that the breach of contract that the plaintiff alleges is a breach of a duty arising directly from a written contract with the defendant should the court apply OCGA § 9-3-25, rather than OCGA § 9-3-24, to the claim." Id.

The Plaintiff's complaint states that they entered into a written agremeent for legal services with CPMT, which provided that they retained CPMT to "assist [them] with alleged termination of franchise agreement(s); and other financial difficulties. . . . [and that] [p]laintiffs paid [CPMT] for its 'expertise' and time." Plaintiffs allege that CPMT breached the promise to perform professionally implicit in every written agreement for professional services by "advising Plaintiffs that filing for Chapter 11 bankruptcy was the best option if they wanted to try to salvage one or both of the franchises"; "when it reiterated this advice to Geer just prior to [] Geer filing the

6

bankruptcy petitions on behalf of Plaintiffs"; and when "it failed to consult with other attorneys and experts in other fields as necessary."

Here, taking the allegations of the complaint as true and resolving all doubts in favor of the Plaintiffs, the allegations in the complaint do not disclose with certainty that the breach alleged by the Plaintiffs could not be a breach of a duty directly arising from a written contract with CPMT. See *Newell Recyling*, 288 Ga. at 237 (because an implied promise to perform professionally pursuant to a written agreement for professional services would be "written into the contract for professional services by the law, an alleged breach of this implied obligation would necessarily be governed by the six-year statute of limitation of OCGA § 9–3–24.") (citations and punctuation omitted). Accordingly, we affirm the denial of CPMT's motion to dismiss. See *Hill v. American Express*, 289 Ga. App. 576, 578 (2) (657 SE2d 547) (2008) (applying the six year statute of limitations to an action based on a written contract even though the

7

plaintiff had not signed the contract); *Nelson v. Nelson*, 176 Ga. App. 107, 108-109 (1) (335 SE2d 411) (1985) (holding that the claim at issue was based on a contract and thus, the statute of limitation was six years).

*Judgment affirmed in Case No. A23A0439; Appeal dismissed as moot in Case No. A23A410. Dillard, P. J. and Pipkin, J., concur.*